WIGGINTON, Judge.
Petitioner here seeks certiorari to review an order of the Florida Industrial Commission affirming an order of its deputy wherein the respondent-claimant was found to be entitled to compensation payments and medical expenses as the result of a com-pensable injury. The prime question with which we are concerned is whether the Full Commission erred in affirming the deputy’s finding that the claim herein was not barred by the statute of limitations.
On April 21, 1951, while employed by tbe petitioner, claimant slipped, fell and cut bis arm on a bottle. He was treated by the employer’s doctor and on the following day, although his arm was placed in a sling, he returned to his employment, performing only light work for a period of some three months. During this period of pronounced disability claimant received no compensation benefits as such, but was paid his regu-lár wages in full. Thereafter claimant’s injury had apparently healed and he resumed the performance of his normal duties to the extent that his physical condition .would permit notwithstanding that his injured arm continued to restrict his activities from time to-time. Approximately one year.after the injury claimant suffered pain to such an extent that his employer again sent him to the'doctor who after examining claimant’s arm concluded that it had not healed. On at least two subsequent occasions claimant again sought professional medical attention with the full knowledge of his employer and received full wages during the time he was away from his job in this behalf. There was a continuing functional loss of the use of claimant’s hand and fingers during this entire period. In February 1955, while lifting a heavy block of ice, claimant experienced a severe pain in his injured arm whereupon he again sought medical attention at his employer’s suggestion. Later, in May 1955, claimant returned to the doctor who performed an operation and removed at least one large piece of glass from claimant’s arm. It is undisputed that this foreign matter had been lodged between the bones of claimant’s arm since the original injury. Following this operation claimant returned to work on much the same basis as before, until December, .1956. On the *230 latter date claimant left bis employment preparatory to further surgery to repair certain severed tendons so as to restore the use of several fingers on the injured hand. This operation was performed in January 1957. The employer’s insurance carrier has refused to pay the medical expenses incurred in connection with either operation and has denied liability for the payment of any compensation benefits, both on contention that the claim is barred by the statute of limitations.
Section 440.19, F.S. (1951), F.S.A., provided that the right to compensation for disability shall be barred unless a claim therefor be filed within two years after the injury, except that if payment of compensation has been made without an award on account of such injury, a claim may be filed within two years after the date of the last payment. In Townsley v. Miami Roofing and Sheet Metal Co.,[1] it was held that payment of regular wages to a disabled employee who, with the knowledge and consent of the employer, continues on the job and performs light work because of his disability, is deemed sufficient payment of compensation to toll the statute of limitations. The decision in University of Miami, Inc., v. Matthews[2] is not inconsistent with the foregoing rule, but turned on the proposition that although the injured employee remained on the job and received full wages, the evidence did not show the employer knew, or had reason to know that the employee continued to suffer disability as a result of the original injury for which the compensation was claimed.
In the instant case the Deputy Commissioner found from the evidence that the employer was fully aware of claimant’s disability at all times from the date of injury; that the employer permitted the claimant to do light work at his regular wage; that the employer deducted nothing from claimant’s wages for time spent with the doctor, and actually furnished such medical services until May 1955; and that the employer knew about and acquiesced in both operations undergone by claimant. The claim was filed well within two years after claimant left his employment in December 1956.
A careful review of the record clearly reveals ample competent substantial evidence to support the deputy’s findings and conclusions. This being so, the deputy’s findings will not be disturbed.[3]
The petition for certiorari is therefore denied.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Fla.1955, 79 So.2d 785.

. Fla.1957, 97 So.2d 111.

.United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.