BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the order of the Full Commission affirming the award of 75% permanent partial disability of the body as a whole.
Petitioners contend that the claim is barred under Florida Statute § 440.19(1) (a), F.S.A. because not filed within two years after the date of the accident.[1] Claimant, respondent herein, allegedly injured his right leg and back on March 27, 1962, while shoving a portable blender. He was off work for approximately six weeks following the accident and received three to four weeks of workmen’s compensation. Thereafter, he returned to work for the same employer in a lighter job classification at lower pay. Over the next six years he was absent a number of times due to low back complaints. On each occasion that he was absent for medical reasons he received payments under the employer’s accident and sickness benefit program and group insurance medical benefits. Claim for workmen’s compensation benefits was not filed until March of 1968.
The Judge of Industrial Claims found that under the circumstances the claim was not barred and the Full Commission affirmed.
We have held in Steinfeldt-Thompson Company v. Trotter[2] that an employer may be estopped to assert the statute of limitations where an injured employee has been led to believe that he is receiving workmen’s compensation benefits from his employer and so fails to file his claim within the time allowed.
Claimant in the instant case received workmen’s compensation benefits following his injury in the form of two or three checks of $42.00 each. The last payment of workmen’s compensation was in May of 1962. Subsequent payments made when claimant was absent from work during the next six years were made under the employer’s accident and sickness insurance program. These payments were for full pay less three day waiting periods and were paid during all medical or sick leaves regardless of whether connected or unconnected with his employment.
Claimant, 37 years old, with an eleventh grade education, testified that he knew that these payments were under the group insurance plan and were not workmen’s compensation. He was asked:
“Have you received any $42.00 or any other indication that you’ve been receiving workmen’s compensation benefits since May of 1962 ?”
and responded:
“No, Sir, not except the two or three in 1962.”
Claimant also knew that his medical benefits were being paid under a group insurance plan to which he contributed.
It is clear that the rule of the Trotter case, supra, is inapplicable to the instant case. Claimant does not contend he was misled. His testimony shows he understood the nature of the payments he was receiving.
*818 Another rule waiving the bar of the statute of limitations has been recognized by this Court. In Townsley v. Miami Roofing and Sheet Metal Co.[3] we held that payment of regular wages to a disabled employee during his absence from work because of the disability will be deemed payment of compensation within the intent of Florida Statutes § 440.19, F.S.A. In that case the disabled claimant returned to work at his regular pre-injury pay and, with the knowledge and consent of his employer, took time off from work for 84 medical treatments of one to four hours each during the working day. His pay was not docked for the time taken for these treatments and the treatments were paid for by the employer’s carrier.
The Townsley rule was further defined in University of Miami v. Matthews,[4] wherein this Court held a claim filed in 1956 for an injury occurring in 1951, was barred by the statute of limitations. In Matthews, as in the instant case, some of claimant’s absences from work during the intervening years were due to his work-connected injuries; others were not. In Matthews he received regular pay during his absences. This Court stated:[5]
“An injured employee who is paid regular wages during an absence from work due to a compensable injury should either put his employer on notice that such absence is due to a continuance of the disability, or such absence should be under circumstances that the employer is presumed to know that this is the case. Such knowledge by the employer of the reason for the employee’s absence from work is necessary to excuse the employee for not timely filing a claim for benefits as the statute requires. If, as in this case, an employee can wait four and one-half years from the date of his injury to assert a claim for disability benefits without his employer ever having known or having had reason to know that he continued to suffer disability, or that his absences from work were a direct result thereof, then he could wait for any longer period of time that might suit his convenience. Such a situation would defeat the purpose which the statute of limitations is intended to serve.”
Claimant in the instant case did not return to work for the employer at his pre-injury job. He was given a lighter job classification and received less pay. The facts are inconsistent with “sheltered employment.” Claimant was doing the work for which he was being paid. His absences for medical reasons during the years following the 1962 accident were for a variety of reasons (appendectomy, pneumonia, bronchitis) in addition to back problems. There is absolutely no evidence that he informed his employer at any time during those years that he was having back trouble related to the accident of 1962. In the Matthews case we stated that the law does not require an employer to ascertain whether an absence is due to a work-connected disability before paying wages covering the period of the absence.
In Larson’s treatise we find a “majority view” and “theoretically correct rule” stated as follows:[6]
“Although there is some division of authority on this point, the majority view apparently is that payment of wages to a disabled worker does not toll the statute unless the employer is aware or should be aware that it constitutes payment of compensation for the injury. * * * A theoretically correct rule — which might be rather difficult to apply with perfect accuracy — would be this: payment of wages tolls the statute if it was intended to be made on account of compensation liability, or if the employee reasonably believed it was so intended.
*819 “When the employee actually earns his wages by performing his regular duties after the injury, the presumption is that the wages are being paid for value received, and not in lieu of compensation.”
Our decisions in the past and in the instant case are in accord with these rules. Claimant herein does not contend he was misled into not filing a claim by payment of accident and sickness benefits or that he believed at anytime after May of 1962 that he was receiving compensation on account of disability connected with his employment. On the other side of the coin, there is no evidence which would support a finding that the employer paid any wages to claimant as payment of compensation for a work-connected disability. Claimant earned the wages he was paid and received the same sick leave benefits as other employees covering all illnesses, etc., whether job connected or not.
Petitioners also contend that claimant’s present disability is not due to any work-connected accident but rather to spondylol-isthesis, a congenital back defect, for which he was operated on in 1965. In view of our holding that the claim is barred under Florida Statute § 440.19, F. S.A., it is unnecessary to consider this point.
Accordingly, certiorari is granted, the order of Full Commission quashed and the cause remanded to the Full Commission with directions to vacate the order of the Judge of Industrial Claims and remand the cause for entry of an order dismissing the claim.
Petition for attorney’s fees is denied.
It is so ordered.
ERVIN, C. J., ADKINS, J., and BALA-BAN, Circuit Judge, concur.
DREW, J., dissents.

. Fla.Stat. § 440.19(1) (a), F.S.A.: “The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two (2) years after the time of injury, except that if payment of compensation has been made or remedial treatment has been furnished by the employer without an award on account of such injury a claim may be filed within two (2) years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employer.”

. 95 So.2d 262 (Fla.1957).

. 79 So.2d 786 (Fla.1955).

. 97 So.2d 111 (Fla.1957).

. 97 So.2d 111, 114 (Fla.1957).

. 2 Larson, Workmen’s Compensation § 78.43(e) (1969).