ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
Appellant contends that this Court misapplied Treasure Salvors v. Johnson, IRC Order 2-3372 (1978), cert. denied, 374 So.2d 99 (Fla.1979) and Chemstrand v. Enfinger, 231 So.2d 816 (Fla.1970) to the instant case.
Under Treasure Salvors, supra, the IRC stated “treatment or compensation furnished pursuant to a health or group insurance plan would not prevent an employer from asserting the defense of statute of limitations unless ‘an injured employee has been led to believe that he is receiving workmen’s compensation benefits from his employer and so fails to file his claim within the time allowed.’ ” From a thorough reading of the record we can find no evidence to indicate the employee/appellant had been led to believe he had been receiving workmen’s compensation benefits.
Further, Treasure Salvors, supra, also states the intent of workmen’s compensation law is that the benefits be furnished “by the employer.” In the instant case, the benefits were not furnished by the employer but by a municipal pension fund.
In Chemstrand, supra, the court stated that where claimant did not file a claim for workmen’s compensation benefits arising out of a 1962 injury until 1968, knew that payments he had been receiving for subsequent absences from work were medical benefits paid under a group insurance plan rather than workmen’s compensation benefits and the employer had not paid claimant any wages as payment of compensation for a work-connected injury, the claim was barred by the statute of limitations. See Sections 440.19 and 440.19(l)(a), F.S.
In the instant case we only find testimony to indicate appellant knew he was receiving payments from the municipal pension fund. Neither did claimant contend he was misled into not filing a workmen’s compensation claim nor that he was led to believe he was receiving workmen’s compensation benefits.
The motion for rehearing is DENIED.
MILLS, C. J., and ERVIN and SHIVERS, JJ., concur.