PER CURIAM.
This is an appeal from a deputy commissioner’s order finding, among other things, that the limitations period of Section 440.19, Florida Statutes, had been tolled by the employer’s continued payment of regular wages under the circumstances, citing as authority St. Joe Ice Co. v. Frazier, 103 So.2d 228 (Fla. 1st DCA 1958), and that as a result of the industrial accident claimant had a physical impairment of 37x/2% of the foot. Two of appellants’ arguments require discussion.
*699 Claimant incurred a compensable injury to his heel on March 20,1971, while on duty as a policeman with the City. The last payment by the employer specifically attributable to that accident was for medical treatment and the payment was made on February 3,1976. Eventually, in May 1978, claimant retired from his position with the City. The claim for compensation involved on appeal was filed on May 22, 1978, more than two years after February 3, 1976. Contrary to appellants’ argument, there is competent substantial evidence in the record to support the deputy’s findings, which included the following:
[D]ue to a combination of the 1971 accident and a second industrial accident, the claimant was transferred to light duty “inside paperwork” in the Detective Bureau ....

... [T]he employer was fully aware of the claimant’s disabilities at all times from the date of the industrial accident.
Further, the City of West Palm Beach permitted the claimant to continue working in a light duty capacity at his regular wage. [Claimant’s supervisor] also testified that the claimant had “less strenuous duties in the administrative section.” The employer knew, or should have known, that the claimant was continuing to receive medical care.
.. . [T]he claimant’s immediate supervisor at the West Palm Beach Police Department testified that he knew the claimant had medical problems involving his feet.
. . . [T]he light duty work which the claimant performed for the City of West Palm Beach was assigned to him to accommodate the claimant’s continued physical disabilities.
Therefore, with regard to the limitations period we think the deputy assessed the situation correctly in light of St. Joe Ice Co. v. Frazier, supra. In St. Joe Ice Co. v. Frazier, following a line of cases starting with Townsley v. Miami Roof & Sheet Metal Co., 79 So.2d 785 (Fla.1955), this court held that when a claim was filed within two years after claimant left the employer’s service the limitations period was tolled despite nonpayment of worker’s compensation benefits as such following the industrial accident because the employer was fully aware of claimant’s disability at all times from the date of injury, permitted claimant to perform light work at a regular wage with no deductions for time spent with the doctor, furnished some medical services, and was aware of and acquiesced in several operations undergone by claimant. Claimant left the employer’s service in order to have further surgery necessitated by the accident. This policy toward claimant by the employer was deemed to constitute sufficient payment of compensation to toll the statute of limitations.
Recently, however, the focus of inquiry in cases interpreting Section 440.19 has been modified. Under the decision of this court in City of St. Augustine v. Allen, 404 So.2d 1115 (Fla. 1st DCA 1981), the primary question to be decided by the trier of fact in such a case is whether “the employer intended, or the employee reasonably believed the employer intended, to pay wages in lieu of Chapter 440 disability benefits — not as sick pay, not as a gratuity, not as the act of enlightened labor management, but specifically in lieu of Chapter 440 benefits considered to be due.” City of St. Augustine v. Allen, supra.
The record in Allen clearly indicated that the employer did not intend to make payments in lieu of compensation; the employer had specifically told claimant more than two years before the claim was filed that worker’s compensation benefits were no longer available. For the same reason the record supported a conclusion that the employee could not reasonably have believed he was receiving salary in lieu of compensation. The intent of the employer and the reasonable belief of the employee are not so definitely ascertainable from the record on appeal in the instant case, however. Although intent may be inferred from the surrounding circumstances such as the conduct of the parties, cf. Smart v. Brownlee, 195 So.2d 4 (Fla. 4th DCA 1967), it is a *700 question for the trier of fact. As to this issue, we remand the order to the deputy commissioner for additional findings with regard to the intent of the employer or the employee’s reasonable belief as to the intent of the employer consistent with the decision in City of St. Augustine v. Allen, supra. In order to make such findings it may be necessary to receive additional evidence on this issue.
As to the second argument warranting discussion, the correctness of the impairment rating, we find the 37V2% rating to be unsupported by competent substantial evidence in the record. The treating physician, Dr. Green, did say in a 1978 deposition that claimant had a 35-40% impairment of the foot. As of February 1980, however, Dr. Green reported that claimant had a 15% impairment of the foot. The deputy commissioner gave no reason for relying on the doctor’s early rating instead of the more up-to-date rating which resulted from a reevaluation at the doctor’s office. Therefore, should the deputy rule in claimant’s favor on reconsidering the limitations issue, compensation will be for a 15% impairment of the foot.
REVERSED and REMANDED for entry of an order consistent with this opinion.
ROBERT P. SMITH, Jr., C. J., and McCORD and MILLS, JJ., concur.