ERVIN, Judge.
The claimant appeals the order of the deputy commissioner (dc), which held that the statute of limitations barred his claim for medical treatment. Because we conclude that the dc erroneously determined that certain evidence introduced by the claimant was irrelevant, we reverse and remand.
*1241 The claimant injured his back in an industrial accident which occurred on September 3, 1981. He reached maximum medical improvement in 1982 and was given a disability rating of 0-10% impairment. In the present appeal, the claimant filed a claim for medical treatment and rehabilitative assistance on February 18, 1987. The employer defended on the ground that the claim was barred by the statute of limitations, pursuant to Section 440.19(2)(a), Florida Statutes (1981).[1] Although the parties stipulated that the last compensation payment was in September 1984, and the last medical payment in April 1984, the claimant argued that the statute of limitations was tolled by the claimant’s receipt of wages from the employer on March 2, 1985, and that such payment must be considered wages in lieu of compensation, therefore the claim filed on February 18, 1987 was within the two-year period.
The record discloses that the claimant had worked for the employer on several occasions following his injury and performed various tasks, including weeding, raking, and taking inventory. At an earlier hearing on a claim for wage-loss benefits, a representative of the employer testified that these various positions were specifically created for claimant as a result of his industrial injury and were not positions that were available to persons generally seeking employment. At the later hearing for medical treatment, however, the claimant’s supervisor testified that, in regard to the March 2, 1985 employment — involving raking, hoeing, and general grounds maintenance — the work was of a type that was done routinely for beautification purposes and was not specifically created for the claimant. The supervisor further testified that if the claimant had not been hired for the job, he would have had to assign another employee to perform such work.
In holding the claim barred by the statute of limitations, the dc looked only to the nature of the March 2nd employment, stating that “[t]he characterization of work activities offered by the employer years earlier in this claim is irrelevant to the determination that on March 2, 1985, the claimant was not in sheltered employment and his wages were not intended to be in lieu of compensation.” (e.s.) We cannot agree that the prior actions of the employer are irrelevant, thereby implying that they have no evidentiary value. In City of St. Augustine v. Allen, 404 So.2d 1115, 1118 (Fla. 1st DCA 1981), this court held:
[T]he two-year bar of the statute applies unless the employer intended, or the employee reasonably believed the employer intended, to pay wages in lieu of Chapter 440 disability benefits-not as sick pay, not as a gratuity, not as a act of enlightened labor management, but specifically in lieu of Chapter 440 benefits considered to be due.
(Emphasis supplied) Thus, in deciding whether the payment made on March 2nd was actually payment in lieu of compensation, the deputy below necessarily was required to focus his direction to the employer’s intent, as well as the employee’s perception of that intent. Such a determination could not be properly made by excluding as irrelevant evidence of other post-injury jobs given the claimant by the employer which the employer has admitted were sheltered. It was therefore necessary for the dc to consider the totality of all the circumstances affecting the employer’s intent regarding the job offer of March 2, 1985. By analogy, in assessing the weight of the evidence supporting claims for compensation benefits we have frequently stated that a dc must consider the totality of all relevant circumstances bearing on the question of whether a claimant has sustained his or her initial burden of showing that the compensation claimed was the re *1242 sult of an industrial injury. See Iverson v. Holy Cross Hospital, 498 So.2d 620 (Fla. 1st DCA 1986); Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984); Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984).
We conclude, therefore, that evidence relating to the previous positions held by the claimant, and the employer’s characterization of these jobs at earlier hearings as sheltered employment is highly relevant to the issue of whether the claimant’s employment of March 2nd was also intended as sheltered employment, constituting payment in lieu of compensation. Although the Florida Evidence Code (Chapter 90, Florida Statutes) is not made expressly applicable to workers’ compensation proceedings, it has long been recognized that all relevant and material evidence is admissible in such proceedings. See 57 Fla.Jur.2d § 440 (1985). Compare Section 90.-404(2)(a), Florida Statutes, permitting the admission of similar fact evidence of other crimes, wrongs or acts “when relevant to prove a material fact in issue, such as ... intent....” See Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980) (in civil action for assault and battery, false arrest and imprisonment, and malicious prosecution, plaintiff’s prior shoplifting incident was not per se inadmissible). We similarly see no reason why a deputy should preclude as irrelevant similar fact evidence submitted for the purpose of determining the employer’s intent in offering employment to a worker on a certain date in question in order to resolve the employer’s defense of the statute of limitations bar.
As it is unclear from the dc’s order whether — in arriving at his decision that the wages paid claimant on March 2, 1985 could not be considered wages in lieu of compensation — he considered claimant’s earlier post-injury activities to be irrelevant as a matter of law, we remand for clarification, directing the dc to consider such earlier work activities as relevant, and then to determine if the statute of limitations was tolled by the payment made on the date in question, and, if so, whether claimant is otherwise entitled to the benefits claimed.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.

. Section 440.19(2)(a) provides:
The right to compensation for disability, impairment, or wage loss under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (d) is filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment has been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or after the date of. the last remedial treatment furnished by the employer.