SMITH, Judge.
This is a consolidated appeal from an order of the judge of compensation claims (JCC) awarding claimant medical evaluation and treatment and ordering payment of a past medical bill. The decisive issue in this case is whether claimant's claims were filed timely. Finding that they were not, we reverse.
For the injuries for which it was responsible, the last medical paid by Cotton States Insurance Company was in April 1983. For the injuries for which it was responsible, the last payment of medical benefits by Amerisure/Michigan Mutual Insurance Company was in March 1986. Neither carrier paid claimant disability benefits. The claims against these two carriers were filed on January 27, 1989, more than two years from the date of the last remedial treatment, making them presumptively barred by the statute of limitations, section 440.19(l)(a), Florida Statutes (1987).
However, the JCC found that during the period between January 1, 1987, and April 9, 1987, claimant was allowed by his employer to either not work or do light work because of his condition, but was nevertheless paid full salary by the employer. The chief operating officer of the em *996 ployer, Hardee County Plumbing, is claimant's father and his father was fully aware of the fact that his son had continuing back problems because of his various work-related accidents and authorized payment of full salary for reduced work because of this ongoing condition. Thus, relying on Townsley v. Miami Roofing and Sheet Metal Co., 79 So.2d 785 (Fla.1955), the JCC ruled that claimant was paid wages in lieu of compensation during the months of February and March 1987, and his claim, having been filed within two years from the last payment of compensation, was timely. This was error.
The two year bar of the statute of limitations applies unless the employer intended, or the employee reasonably believed that the employer intended, to pay wages in lieu of Chapter 440 disability benefits — not as sick pay, not as a gratuity, not as the act of enlightened labor management, but specifically in lieu of Chapter 440 benefits considered to be due. City of St. Augustine v. Allen, 404 So.2d 1115, 1118 (Fla. 1st DCA 1981); see also Chemstrand Co. v. Enfinger, 231 So.2d 816 (Fla.1970); and Davis v. Kyle, 529 So.2d 1240 (Fla. 1st DCA 1988).
The evidence relied upon by the JCC is not sufficient to prove the employer’s intent, or the employee’s reasonable belief of the employer’s intent, to pay wages in lieu of Chapter 440 disability benefits. This being so, and there being no further reason to stay the running of the statute of limitations, we hold that claimant’s claims are time-barred.
REVERSED.
WIGGINTON and BARFIELD, JJ., concur.