PER CURIAM.
Appellants, the employer and carrier- in this workers’ compensation matter, challenge the finding of the judge of compensation claims (JCC) that appellee’s claim was not barred by the two-year statute of limitations, section 440.19(2)(b), Florida Statutes (1989). Appellants argue that no competent substantial evidence exists to support the JCC’s conclusion that the most likely date of Mr. Merlo’s injury was April 16,1990. They also argue that no evidence exists to support the JCC’s further finding that appellant, United Way, maintained Merlo’s salary so as “to be the equivalent of the payment of compensation which would extend the statute of limitations.” We agree with each of these arguments and reverse.
Our review of this record reveals no competent evidence at all to substantiate the JCC’s assignment of an April 16, 1990 date to the supposed accident. Since the claim for benefits was filed on April 8, 1992, the date of accident is critical. Merlo argues that, notwithstanding the date of accident, the statute of limitations was tolled by virtue of United Way’s decision to maintain his salary. Merlo maintains that he mentioned to his superior, Mr. Aramony, that he had suffered an injury to his foot and that he continued to receive wages after telling Ara-mony this. In Hardee County Plumbing v. Heflin, 567 So.2d 995 (Fla. 1st DCA 1990), we held that the two-year bar of the statute of limitations applies unless the employer intended, or the employee reasonably believed that the employer intended, to pay wages in lieu of workers’ compensation benefits. See also, Chemstrand Co. v. Enfinger, 231 So.2d 816 (Fla.1970); Davis v. Kyle, 529 So.2d 1240 (Fla. 1st DCA 1988). Here, claimant failed to place before the JCC any evidence showing either that United Way continued his salary in lieu of benefits he would have been otherwise due because of a compensable injury or that he reasonably believed such was the ease. The claim is barred by the statute of limitations.
REVERSED.
BARFIELD, KAHN and DAVIS, JJ., concur.