FARMER, J.
We reverse the final order’s requirement that the former husband reimburse the former wife for the children’s ortho *581 dontia expenses. Orthodontia treatment is an “extraordinary” dental expense. See Sulman v. Sulman, 510 So.2d 908, 908 (Fla. 4th DCA 1987)(explaining that treatment for orthodontic problems “may be included as an extraordinary medical expense”); Grobleski v. Grobleski, 408 So.2d 698, 694 (Fla. 2d DCA 1982)(where divorce decree provided that husband was to be responsible for children’s “extraordinary medical and dental bills,” husband was required to pay for children’s orthodontic treatment necessary to correct dental condition). See also Fla. Family Law Form 12.902(f)(1) (listing orthodontic payments as an “other provision” separate from dental and medical costs). As such, the former wife should have first consulted the former husband on the treatment, as required by the divorce decree. See also Schellhammer v. Schellhammer, 687 So.2d 987, 989 (Fla. 5th DCA 1997)(paying parent should be consulted regarding elective medical expenses and agreeable to them before incurring expenses). On all other issues, we affirm.
WARNER and GROSS, JJ. concur.