398 So.2d 900 (1981)
PHOTO ELECTRONICS CORPORATION and Insurance Company of North America, Appellants,
v.
Richard J. GLICK, Appellee.
No. TT-408.
District Court of Appeal of Florida, First District.
May 4, 1981.
Rehearing Denied June 9, 1981.
James N. McConnaughhay, of McConnaughhay & Roland, Tallahassee, for appellants.
L. Barry Keyfetz, of Keyfetz & Poses, Miami, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from a workers' compensation order awarding benefits to appellee. We reverse.
On October 7, 1978, appellee injured his right wrist, head, neck and back in a work-related accident. He was hospitalized and later treated on an out-patient basis with employer/carrier paying all medical bills and temporary total disability benefits. Employer/carrier accepted an 18% permanent partial disability rating based upon the May 8, 1979, opinion of appellee's treating physician, Dr. Averbuch.
Dr. Averbuch testified that, in arriving at the 18% rating, he first consulted the American Academy of Orthopedic Surgeons' Table to determine the anatomical impairment, and then he evaluated how that anatomical impairment would affect this particular patient's lifestyle. He stated:

*901 ... I weigh not only the objective anatomic considerations but I weigh into the complaint that the patient has and over the period of treatment what we have established I weigh what the patient can and cannot do and how it changed his life as a result of his injury. [sic]
In June 1979, Dr. Averbuch changed the rating to 30% permanent partial disability. He testified that appellee's condition had not improved or worsened at the time of the change but that he changed the rating because he learned that the injuries "had significantly interfered with his life more than I had appreciated in May, that it limited it a lot more than I appreciated." He noted that in June he realized how much appellee's injuries had restricted one of appellee's favorite pastimes, guitar playing. Thereupon, appellee filed this claim for 30% permanent partial disability. The deputy commissioner accepted Dr. Averbuch's 30% rating and awarded benefits accordingly.
A Dr. Scott examined appellee and gave him a 25% permanent partial impairment rating. Dr. Turke, an orthopedic surgeon, examined appellee and gave him an overall disability rating of 50%, which is a higher rating than that for which appellee claimed. At the hearing, appellee made an oral motion to amend his claim to allow for a higher than 30% permanent disability rating. The deputy commissioner indicated that he would grant the motion, but he did not ever actually rule on it.
Appellants assert that the deputy commissioner erred in accepting the testimony of Dr. Averbuch as to his opinion of disability. Appellants contend that Dr. Averbuch testified beyond his competence, because a doctor is qualified to testify only as to physical impairment whereas any determination of disability is to be made by the deputy commissioner. The deputy commissioner specifically found no diminution of wage-earning capacity and merely accepted Dr. Averbuch's determination of 30% permanent partial disability. We agree that the deputy commissioner erred in accepting and relying upon the testimony of Dr. Averbuch as to disability. The doctor is qualified to testify only as to anatomic or functional impairment within his medical expertise. The deputy commissioner must consider that testimony, and he alone must translate it, along with evidence of loss of wage-earning capacity, if any, into a disability rating. Dr. Averbuch testified beyond his competence as a medical expert. Compare Agrico Chemical Co. v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980). Therefore, we reverse the 30% permanent partial disability award and remand for a redetermination of permanent partial disability not based upon Dr. Averbuch's testimony.
Appellants assert that the deputy commissioner erred in considering Dr. Turke's testimony in regard to the permanent disability rating since appellee's claim was for only 30% permanent partial disability benefits and the expense of Dr. Turke's testimony should not have been awarded as a cost. We disagree. Dr. Turke's testimony was relevant to more than merely increased disability beyond 30% and, therefore, was properly admitted, even though, pursuant to the claim, the deputy commissioner is limited to a permanent partial disability finding of no greater than 30%.
The parties stipulated that employer/carrier finally accepted Dr. Scott's 25% permanent partial impairment rating. However, the parties did not stipulate as to the timeliness of the acceptance. Although from the record it appears that employer/carrier did not accept the 25% rating until the date of the hearing, the record is unclear on that point. We reverse and remand for a determination of when the employer/carrier accepted the 25% rating.
Appellants argue that the $1,500 attorney's fee awarded to appellee was unjustified in the absence of proof that the employer/carrier did not timely accept the proper disability rating. Appellants further challenge the attorney's fee award on the basis that the deputy commissioner did not state specifically the basis upon which the fees were awarded, as required by Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968). We reverse *902 and remand for reconsideration of the attorney's fee and direct the deputy commissioner to give a more specific statement of the Lee Engineering criteria he considered in determining the new award.
We have considered appellee's point on cross-appeal and find it to be without merit.
Affirmed in part, reversed in part, and remanded for reconsideration as directed.
SHIVERS and JOANOS, JJ., concur.