PER CURIAM.
Sheraton Towers appeals the deputy commissioner’s order awarding wage loss benefits and penalties asserting the record reveals an insufficient evidentiary base upon which the award may be supported. We agree and reverse.
Appellee was injured while at work at the Sheraton Towers Hotel on January 28, 1980, when he injured his right hand. He was treated until he was released with a two percent (2%) permanent disability of his right hand on April 14, 1980. Appellant instructed Roche to return to work on the following day at 7:30 A.M. Although ap-pellee asserts he attempted to return to work, he was unable to do so and did not call in for at least several hours. Roche was subsequently discharged.
*808 Roche then filed a timely request for wage loss benefits. During the following hearing, Roche testified that although he made a good faith effort to procure employment, he was unable to do so. On October 6,1980, the deputy commissioner entered an order determining Roche made a good faith but unsuccessful work search and that his inability to find employment was caused by the impairment to his hand. The deputy, therefore, awarded appellee the maximum permissible compensation rate and penalties pursuant to Section 440.20, Florida Statutes (1979).
We have reviewed the record and have determined the evidence does not demonstrate a causal relationship between appel-lee’s inability to find a job and the injury to his hand. Section 440.15(3), Florida Statutes (1979), provides for wage loss benefits only if the claimant establishes the asserted wage loss is the result of the compensable injury. Since the penalties awarded are dependent upon the validity of the underlying award, the evidence also fails to support the amount awarded pursuant to Section 440.20, Florida Statutes (1979). Accordingly, the deputy commissioner’s order rendered on October 6, 1980, is REVERSED.
ROBERT P. SMITH, Jr., C. J., and JOA-NOS and THOMPSON, JJ., concur.