WIGGINTON, Judge.
In this appeal from a workers' compensation order, the carrier advances several theories to support its argument that the deputy commissioner improperly awarded wage loss benefits. We agree in part and reverse with directions that the deputy revisit his determination of wage loss.
Clearly, the wage loss award was improper insofar as it awarded benefits after Reed left the employ of Southern Freightways. This portion of the award apparently was predicated on the employer’s allegedly wrongful firing of Reed, an act that would be prohibited by Section 440.205, Florida Statutes (1979) if it came “by reason of” Reed’s claim for compensation. However, Reed did not establish, and significantly, the deputy did not find, a relationship between the claim and the termination of employment.
Absent a connection to workers’ compensation matters, an employer’s ill-motivated firing of an employee cannot be recompensed under Chapter 440. Therefore, the order must be reversed insofar as it awarded wage loss benefits, after Southern Freightways and Reed ended their employer-employee relationship on June 18, 1981, based on the allegedly improper firing.
Similarly, the deputy, in awarding wage loss benefits prior to June 18, did not find a causal connection between Reed’s work-related impairment and his wage loss. See Section 440.15(3)(b)2. The order gives the impression that this part of the wage loss award was also predicated upon the employer’s allegedly wrongful firing of Reed. However, the order is ambiguous on *27 this point. Accordingly, we remand for the deputy’s determination of/whether a causal connection exists betweeh Reed’s work-related impairment and his wage loss while working for Southern Freightways. Should the deputy find a causal connection, he may properly enter a wage loss award.
The carrier’s other arguments are without merit and need not be addressed.
Reversed and remanded.
BOOTH and WENTWORTH, JJ., concur.