423 So.2d 610 (1982)
CITRUS CENTRAL and Professional Administrators, Inc., Appellants,
v.
Buman PARKER, Appellee.
No. AK-169.
District Court of Appeal of Florida, First District.
December 21, 1982.
*611 Richard H. Weisberg of Cooper & Rissman, Orlando, for appellants.
Bill McCabe of Sheperd, McCabe & Cooley, Orlando, for appellee.
SHIVERS, Judge.
In this workers' compensation case the employer/carrier appeals the final order of the deputy commissioner which found appellee, Parker, entitled to wage-loss benefits. We agree with appellant and reverse.
Appellee Parker, claimant below, was employed as a truck driver for Citrus Central. On April 9, 1980 Parker fell and injured his right hip and back. Parker suffered a herniated disc and came under the care of Dr. Kim, an orthopedic surgeon, who performed a lumbar laminectomy on May 27, 1980. In October 1980, Dr. Kim discharged Parker to return to work with a five percent permanent physical impairment. Physical limitations imposed by Dr. Kim included no lifting in excess of thirty pounds and limited driving of no more than two hours at any one time. Parker returned to work for Citrus Central at that time and worked continuously thereafter until April 5, 1981. Parker testified that he found the work very difficult upon his return to Citrus Central and that the bouncing he experienced while driving a truck was very uncomfortable.
At the time of Parker's injury he was earning $6.94 per hour. Upon his return to Citrus Central he performed various jobs at various rates of pay ranging from $7.09 per hour to $7.61 per hour. In April of 1981 Parker was laid off. The evidence is uncontroverted that this layoff was due to the economic condition of Citrus Central and had nothing whatsoever to do with Parker's injury or physical limitations.
On April 24, 1981 Parker began working for Aircraft Services International, Inc., in a job consisting of handling petroleum products and jet fuel. This job consisted of making sure that fuel was moved three miles from one tank to another, which meant that Parker's driving was limited to approximately three miles per trip. Parker testified that this job was less physically demanding than his previous job with Citrus Central. Parker's job with Aircraft Services paid $5.20 per hour with fringe benefits which amounted to $11.56 per week. In June 1981, Citrus Central attempted to recall Parker. Citrus Central, however, could not guarantee Parker how long he would remain back at work. Parker decided not to return to Citrus Central and to remain with Aircraft Services instead.
Parker testified that there were two reasons for not returning to Citrus Central. First, the job with Aircraft Services provided him with a permanent, year-round position, whereas the Citrus Central position was subject to relatively frequent layoffs. Parker felt that even though he was earning less money per hour, he would be better *612 off in the long run because of the year-round nature of the Aircraft Services job. Second, the Citrus Central job was uncomfortable and difficult to perform. Parker testified that he is continuing to have difficulties with his back, that he can't bend over, and that he gets an ache in his back if he stands a long time. There is no evidence in the record, however, that Parker is physically unable to perform the work at Citrus Central. On these facts, the deputy commissioner awarded wage-loss benefits, specifically finding that Parker acted reasonably in not returning to Citrus Central and that he did not voluntarily limit his income.
We find it unnecessary to reach appellant's argument that the appellee voluntarily limited his income. Section 440.15(3)(b)2, Florida Statutes (1981), provides that before wage-loss benefits may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of compensable injury. The facts as found by the deputy commissioner here do not establish any causal connection between claimant's injury and his wage loss. As we stated in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), "We think a more plausible and reasonable interpretation of the burden of proof provision is found by relating it to the requirement of showing a causal relation between the injury and a change in employment status, and to the specific qualifications and limitations on wage loss entitlement mentioned in the statute. That is to say, the burden of proof provision is to require the employee to go forward with evidence showing a change in employment status due to the injury, and an adequate and good faith attempt to secure employment commensurate with his abilities so as to establish, prima facie, an economic loss and to show that he or she has not voluntarily limited his or her income or failed to accept employment commensurate with his or her abilities." Id. at 876 (emphasis added). In the case at bar, the facts are uncontroverted that following maximum medical improvement claimant returned to the very same job he had before he was injured, making more money than he had before he was injured, and that his eventual layoff in April 1981 was due to business conditions and in no way related to his injury. The deputy commissioner did not find, and there is no evidence in the record to support a finding, that claimant's layoff had any causal connection whatsoever to his prior injury or subsequent partial disability and limitations. See, Southern Freightways v. Reed, 416 So.2d 26 (Fla. 1st DCA 1982); Sheraton Towers Hotel v. Roche, 408 So.2d 807 (Fla. 1st DCA 1982). Although it is possible that if the claimant had not been laid off, he would eventually have had to resign due to the pain and discomfort of his injury, to so find on the instant record would be pure speculation. Accordingly, the deputy commissioner's order of February 3, 1982 is REVERSED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.