430 So.2d 953 (1983)
CERTIFIED GROCERS and Corporate Group Service, Inc., Appellants,
v.
Ronald OPEL, Appellee.
No. AM-427.
District Court of Appeal of Florida, First District.
April 27, 1983.
Jack A. Langdon of Jones & Langdon, P.A., Gainesville, for appellants.
Seymour H. Rowland, Jr., Ocala, for appellee.
MILLS, Judge.
The employer/carrier in this workers' compensation case seeks review of the deputy commissioner's order which awarded wage loss benefits and attorney's fees to Opel. Because Opel failed to prove that his wage loss was the result of his injury and because the award of attorney's fees was premature, we reverse.
Opel sustained an injury to his back arising out of and in the course of his employment with Certified Grocers on 31 July 1980. After receiving temporary total disability (TTD) benefits for a time, he returned to work at Certified on 20 October 1980. There he continued to work until March 1981, at which time his employment was terminated.
Opel searched for work at several locations and finally was hired by Patrick Industries on 20 July 1981. He held this job until 13 November 1981, when he was laid off due to a business slowdown.
Following a hearing, the deputy commissioner awarded wage loss benefits from 18 *954 December 1981 through 15 May 1982, reserved jurisdiction to hear a claim for TTD benefits for the period from March 1981 through July 1981, and made an award of attorney's fees based on bad faith.
We hold that the deputy commissioner erred in awarding wage loss benefits. Opel had the burden of proving that any wage loss claimed came about as the result of his injury. This burden he has failed to carry. Opel worked not only for Certified Grocers following his injury, but for Patrick Industries as well. The evidence showed clearly that his present lack of employment is due to economic conditions rather than the injury. This is so even though Opel testified that, because of the pain resulting from his injury, he would not have been able to continue on the job at Patrick Industries much longer even if he had not been laid off. We decline to find a causal connection between Opel's injury and his present lack of employment on the basis of such conjecture. Citrus Central v. Parker, 423 So.2d 610 (Fla. 1st DCA 1982).
Moreover, as Opel concedes in his brief, the award of attorney's fees in this case was premature because no evidence was received on the issue of bad faith, nor was it specifically litigated as a separate issue. Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981). The bad faith issue may be addressed on remand when the deputy commissioner considers Opel's entitlement to TTD benefits for the period from March 1981 through July 1981.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.