432 So.2d 164 (1983)
PHOTO ELECTRONICS CORPORATION/WPEC and Insurance Company of North America, Appellants,
v.
Richard J. GLICK, Appellee.
No. AM-337.
District Court of Appeal of Florida, First District.
May 12, 1983.
Rehearing Denied June 24, 1983.
James N. McConnaughhay of McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellants.
L. Barry Keyfetz of Keyfetz, Poses & Halpern, P.A., Miami, for appellee.
MILLS, Judge.
Photo Electronics and its carrier appeal a compensation order modifying a 25% permanent partial disability (PPD) rating to 60%. We reverse.
*165 This case is making its third appearance here, Photo Electronics v. Glick, 398 So.2d 900 (Fla. 1st DCA 1981); Glick v. Photo Electronics, 417 So.2d 334 (Fla. 1st DCA 1982). The prior cases resulted in a 25% PPD based on physical impairment. The modification to 60% PPD is to reflect wage earning capacity lost since the initial hearing. We find that the claimant failed to present a prima facie case of lost earning capacity. We do not reach the appellant's other issues.
A prima facie case of lost earning capacity must include a showing of a causal connection between the loss of employment at pre-accident wages and the industrial accident. Regency Inn v. Johnson, 422 So.2d 870, 876 (Fla. 1st DCA 1982). The burden is clearly on the claimant to connect the economic disruption to the industrial accident. Certified Grocers v. Opel, 430 So.2d 953 (Fla. 1st DCA 1983); Citrus Central v. Parker, 423 So.2d 610 (Fla. 1st DCA 1982); Regency, Inn, at 872 n. 1. The adequacy of a job search becomes relevant only after the initial burden is met, Regency Inn, at 876.
The evidence in this case is that Glick returned to work at the pre-accident wage. After 7 months his position was dissolved and Glick lost his job. There is no evidence that Glick's position was sheltered employment. There is no evidence that the position was dissolved for any motive but economics. Glick testified that he was physically capable of performing the job. In short, there is no evidence of economic disruption caused by the injury.
The modification of the permanent impairment rating is REVERSED.
JOANOS and THOMPSON, JJ., concur.