WIGGINTON, Judge.
Appellant/claimant appeals and appel-lees, employer/carrier, cross appeal the deputy commissioner’s order denying appellant’s wage loss claim on the basis that appellant voluntarily limited his employment. Having reviewed the record and considered all of the arguments raised, we affirm. However, Point II of appellee’s cross appeal merits some discussion.
On November 9, 1981, appellant injured his back while working for employer as a roofer. He had suffered back injuries previously and had been treated by Dr. Barnes, a neurosurgeon, from 1974 until 1978. Dr. Barnes, who was also appellant’s treating physician after the 1981 accident, testified that appellant had suffered an 8 to 10 percent anatomical impairment from his earlier back injury. He stated that appellant underwent back surgery in Georgia after he released appellant in 1978 and was unaware of the results of that surgery. Dr. Barnes testified that after reaching maximum medical improvement from the 1981 accident, appellant was left with an additional 5 percent impairment above the previous 8 to 10 percent rating. However, he stated that the restrictions he has imposed on appellant now are the same restrictions he imposed upon appellant in 1978.
In the order on appeal, the deputy commissioner included in his findings:
The claimant has a medical history of a prior back injury resulting in a permanent disability. On the date of the accident he was injured in a fall and this aggravated his preexisting back condition by an additional 5 percent anatomically, according to Dr. Barnes. I find that Dr. Barnes testimony is not imper-missibly speculative in this regard. I do know, however, that Dr. Barnes testified that the restrictions imposed on the claimant by virtue of this aggravation were not substantially or materially different from those as a result of the original unrelated accident.
The deputy commissioner went on to find that appellant is not entitled to benefits since he has not undertaken a good faith job search and voluntarily limited his employment. On cross appeal, employer/carrier question whether the record contains competent substantial evidence from which the deputy commissioner could make the apparent finding that appellant sustained a permanent impairment entitling him to consideration for wage loss benefits as a result of the accident. In our view, the deputy commissioner did not make such a finding. The above-quoted wording in his order amounts to mere surplusage for purposes of this point on appeal. The deputy commissioner made no finding that appellant has sustained an additional permanent disability as a result of the 1981 accident. Further, in making the above “finding” he did not lay any foundation for, nor would the record support, a future translation of the anatomical impairment rating given by Dr. Barnes into a permanent disability rating. Compare Photo Electronics Corporation v. Glick, 398 So.2d 900 (Fla. 1st DCA 1981). Thus, the above “finding” provides no basis for reversal.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.