MILLS, Judge.
Claimant (Horne) appeals the denial of TPD benefits from 19 May 1983 to 29 June 1983 (MMI) and of wage-loss benefits from 29 June 1983 to 30 September 1983. We affirm.
Horne is a 59-year-old male, who was employed as an accountant by Alter Sales (E/C) when, on 9 February 1983, he sprained his ankle on a door jamb at work.
The E/C paid TTD benefits to Horne from 25 February to 19 May 1983 when payments ceased. Horne has earned no money since 25 February 1983. He filed wage-loss forms with the E/C each month from 19 May to 30 September 1983.
The evidence adduced at the hearing revealed that Horne’s work search has consisted of: 1) mailing resumes in response to classified ads; 2) registering with the Florida State Employment Service and calling twice a week; and 3) contacting vocational placement. Despite the availability of numerous positions in his field, none of these measures has yielded employment. Medical testimony established that, as a result of the injury, Horne now suffers from chronic synovitis of the ankle and, after reaching MMI on 29 June 1983, he has a 2% permanent impairment of the body as a whole. He can continue to work as a bookkeeper despite the impairment, and no specific physical limitations were placed on his activities.
The deputy denied Horne’s claim for TPD benefits from 19 May to 29 June 1983 and for wage-loss benefits from 29 June to 30 September 1983. As to the latter claim, the deputy found that Horne had not fulfilled the burden imposed by Section 440.-15(3)(b), Florida Statutes (1983), “to show that his inability to obtain employment ... is due to physical limitation related to his *246 accident and not because of economic conditions or the unavailability of employment.” With regard to both claims the deputy held that “any wage-loss that he has incurred after May 19, 1983, has not been the result of his compensable injury.” The deputy makes no findings at all as to the adequacy of Horne’s work search.
Horne argues on appeal that the deputy erred in using Section 440.15(3)(b) to bar his claim, in that the date of his accident preceded the effective date of the statute. He asserts that prospective application of the statute only is proper, in that it is neither procedural nor remedial, but impacts on his vested rights. Because he conducted such an extensive, unsuccessful' work search, Horne argues, he meets the requirements for receipt of wage-loss benefits.
Horne is incorrect when he argues that Section 440.15(3)(b) has no application to him. In City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), this court found that the statute was a “procedural burden-of-proof enactment” which may be applied retroactively. Therefore, the application of the statute is not governed by Horne’s date of accident. However, we do find that the deputy erred in employing the statute to bar his claim.
The Rumph court found that Section 440.15(3)(b) precluded recovery only when the claim is “predicated solely on economic conditions unrelated to a claimant’s physical limitations by ordinary proximate cause standards.” To that end, a claimant is required to “present evidence indicating that the compensable physical limitation is a contributing causative factor in the wage-loss claimed,” that is, “an element in the causal chain resulting in or contributing to the wage loss.” He does not have to show “that he was not hired as a result of his compensable injury.”
The court was persuaded as to the existence of the limitation as an element in the wage loss by the facts that: 1) “claimant’s industrial injury displaced him from his employment”; 2) “[the] employer refused to rehire”; 3) “the claimant in good faith performed an extensive, but entirely unsuccessful job search, during which prospective employers were generally aware of claimant’s physical condition”; and 4) the E/C failed to show “that claimant limited his income or declined appropriate employment.” Because facts similar to these are reflected in this record, we find that the statute would not bar Horne from recovering wage-loss benefits after MMI. He has shown that his claim is not “predicated solely on economic conditions unrelated to [his] physical limitations .... ”
However, the deputy held, in addition to the statutory findings, that “any wage loss has not been the result of his compensable injury.” Horne does not address this finding on appeal, but relies instead on refuting only the deputy’s statutory analysis and on the quality of his job search, unaddressed by the deputy. It is true that “the work search is inextricably involved in the worker’s entitlement to commensurate benefits for continuing disability. ... To search for work conscientiously and effectively is the Chapter 440 obligation of any injured and unemployed worker not physically disabled to work.” Holiday Care Center v. Scriven, 418 So.2d 322, 324 (Fla. 1st DCA 1982).
However, “a prima facie case of lost earning capacity must include a showing of a causal connection between the loss of employment ... and the industrial accident. The adequacy of a job search becomes relevant only after the initial burden is met.” Photo Electronics Corp/WPEC v. Glide, 432 So.2d 164, 165 (Fla. 1st DCA 1983). Here, Horne does not challenge the deputy’s finding of lack of causal connection, and the issue is therefore beyond the scope of our review. Because that unassailed finding must stand, we can proceed no further but are compelled to affirm.
Horne’s motion for attorney’s fees is denied.
SHIVERS, J., concurs.
WENTWORTH, J., concurs specially with opinion.