WENTWORTH, Judge,
concurring specially.
I agree with the majority that the motion to strike should be granted and that the merits of the motion for rehearing may not, accordingly, serve as the vehicle for case disposition at this point. However, in the interest of clarification of the principles on which I rested my original concurrence, 461 So.2d 244, 247 (Fla. 1st DCA 1984), I feel obliged to recognize what appears to me to be merit in the petition for rehearing in urging logical inconsistency within both the majority and concurring opinions. My analysis should have led to some relief for appellant unless the circumstances here do not in fact parallel City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), a point which I now believe should have been determined initially by the deputy in this case. Her order applies an improper standard, noted infra, and did not address the relevant evidence before her.
On reconsideration, I should have concluded in favor of vacating the order appealed and remanding for the deputy to determine from all the evidence, including unsuccessful work search, whether claimant’s compensable physical impairment contributed in any way to his wage loss during the periods of unemployment in question. The order denies the claims solely because “the claimant remains able to perform his regular work as bookkeeper” (e.s.) without reference to work search evidence and without finding, as required even by amended § 440.15(3)(b)2, that claimant did not show a prima facie causal relationship between his impairment and his inability “to obtain employment or to earn as much as he [previously] earned,” (e.s.) in the statutory terms governing wage loss. A denial of benefits should follow when the evidence shows that wage loss resulted solely from causes or conditions unaffected by claimant’s impairment.
I adhere to my original view that appellant did challenge the conclusion against causal relation and was entitled to a decision here on the validity of the deputy’s ruling as stated in the order. Assuming, as the majority opinion did, that the statutory amendment applies as construed in Rumph, I now believe this court should have remanded for the deputy to determine, in addition to claimant’s physical capacity, whether the evidence showed, prima facie, that his permanent impairment contributed causally in any other way to the wage loss in question. Cf., 450 So.2d 575, 576.
I also adhere to the view that the claimant’s initial burden on causal connection may be met in a variety of ways, including but not limited to an adequate and unsuccessful job search under circumstances in which the accident or resulting impairment may reasonably be related to the ensuing unemployment or loss of wages. The decision in Photo Electronics Corp./WPEC v. Glick, 432 So.2d 164 (Fla. 1st DCA 1983), that job search is not relevant when causal connection is otherwise negated, simply does not establish that a two-step or bifurcated test must always apply so as to preclude a claimant’s reliance in part upon job search evidence to meet his initial burden of showing causal connection between injury or impairment and wage loss.