511 So.2d 712 (1987)
Margarette RODRIGUEZ, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellees.
Nos. BP-135, BP-280.
District Court of Appeal of Florida, First District.
August 19, 1987.
Rehearing Denied September 21, 1987.
*713 Samuel Sheradsky, Coral Gables, for appellant.
Karen M. Gilmartin of Adams, Kelley & Kronenberg, Miami, for appellees.
ERVIN, Judge.
Appellant/claimant in this workers' compensation appeal objects to various findings of fact in the order of the deputy commissioner (dc). As the factual findings of the dc are supported by competent, substantial evidence (CSE) we affirm the first four issues raised. Regarding the fifth issue, appellant objects to the failure of the dc to adjudicate the issue of wage loss (WL) after the date of orthopedic maximum medical improvement (MMI). Finding error in the dc's reservation of jurisdiction, we reverse as to this issue.
Although the dc accepted the testimony of one of several physicians, Dr. Barry Silverman, regarding the date of orthopedic MMI, the dc declined to make a finding as to whether or not claimant had sustained a permanent impairment, stating:
That based on evidence presented before me I am unable to make a finding as to whether the claimant has a permanent physical impairment per the American Medical Association Guidelines to the Evaluation of Permanent Impairment. I hereby reserve jurisdiction for a determination as to whether the claimant has a permanent physical impairment per the American Medical Association Guidelines. Consequently the Undersigned Deputy Commissioner also reserves jurisdiction for a determination as to whether the claimant is entitled to wage loss benefits subsequent to [the date of MMI].
The dc apparently considered that Dr. Silverman's opinion regarding permanent impairment was not CSE, because it was not based on the American Medical Association (AMA) Guidelines, but was instead, in the doctor's words, based on his "experience in evaluating spinal patients for approximately twenty years and [his] experience in specializing in spinal problems and previous experience with a multitude of patients in rating systems." We reiterate what should now be well-established: if the AMA Guidelines do not cover a particular injury, a doctor's opinion regarding permanent impairment need not be referenced to the Guidelines, if it is supported by other generally accepted medical standards, including the doctor's prior experience in treating similar injuries. See Trindade v. Abbey Road Beef'N Booze, 443 So.2d 1007 (Fla. 1st DCA 1983); Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). As this court emphasized in Rhaney, certain conditions and injuries that result in permanent impairment are not always covered by the AMA Guides. In such circumstances "permanent impairment can be prove[n] by qualified expert testimony based on the training, experience, and expertise of the witness or on other accepted medical guides or schedules prepared by specialist groups... ." Id. at 1279-80. See also Martin County School Board v. McDaniel, 465 So.2d 1235, 1240-41 (Fla. 1st DCA 1984) (on rehearing en banc) (1985), appeal dismissed, 478 So.2d 54 (Fla. 1985), observing "that a physician's qualified expert opinion of permanent impairment may in some circumstances suffice without reliance on a manual or guide, although application of a prescribed guide remains obligatory to the extent feasible."
The issue before the deputy as to whether the claimant had met the threshold requirement of establishing permanent impairment from an orthopedic standpoint *714 was then ripe for determination. As to that issue, it was immaterial whether or not the Guidelines were applicable. If they did not cover appellant's injury, the deputy was authorized by the above authorities to decide from the evidence before him whether claimant had sustained a permanent impairment. If, on the other hand, the Guidelines were applicable, the deputy had sufficient evidence before him to reach a determination.
On remand, we direct the dc to examine the record and conduct further proceedings, if he finds it helpful, in order to determine first, whether, either by using the Guidelines or other acceptable standards, the claimant sustained an orthopedic impairment, and, if so, second, the extent of the impairment, and third, claimant's entitlement to WL after the date of orthopedic MMI.
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
SMITH, C.J., and MILLS, J., concur.