521 So.2d 197 (1988)
STC/DOCUMATION and Traveler's Insurance Company, Appellants,
v.
Charles BURNS, Appellee.
No. 87-415.
District Court of Appeal of Florida, First District.
February 10, 1988.
Robert G. Brightman, Orlando, for appellants.
O. John Alpizar, Palm Bay, and Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
SHIVERS, Judge.
The employer/carrier (E/C) in this workers' compensation case appeal the deputy commissioner's (DC's) award of continuing wage loss benefits to the claimant, contending that claimant's termination from STC/Documation (STC) was the result of general layoffs due to the company's impending bankruptcy, and was not related to claimant's industrial injury. We disagree with appellants' argument, and affirm.
The parties stipulated below that claimant suffered a compensable industrial injury to his lower back on March 19, 1984. At the time of the accident, claimant worked as an inspector of mechanical gauges at STC, a position primarily involving paperwork, with very little physical activity and no heavy lifting. Claimant was released for work on June 20, 1984, with the condition that he work no more than four hours per day and lift no more than forty pounds. When he returned to work, he had been given a different position, which required him to stand for four to eight hours per day and involved heavy lifting. In September of 1984, the plant manager demanded that claimant either work eight hours per day or leave the plant. After claimant's treating physician, Dr. Ortiz, gave his conditional approval for claimant to work eight hours per day, claimant was again moved to a different area, but one which still required heavy lifting. Claimant had difficulty working eight hours per day and on many days was forced to leave early due to pain. Soon thereafter, the employer demanded that claimant increase his hours to ten per day. Claimant refused to do so on the basis that he believed it would cause permanent damage, and on the basis that *198 he believed he could not physically work ten hours per day.
On October 17, 1984, he was terminated from employment. One hundred seven other employees were also terminated on that date, and on October 31, 1984 STC went into Chapter 11 bankruptcy. Claimant began an immediate job search after his termination, and in December 1984 was hired by Accudyne, where he was still employed at the time of the final hearing before the deputy commissioner. The job held by claimant at Accudyne was within the physical restrictions imposed by Dr. Ortiz, and was practically identical as far as hours and physical activities to the job he held at STC at the time of the accident. Claimant's hourly wage at Accudyne, however, was $1.22 less than his hourly wage at STC at the time of the accident.
A claimant in a workers' compensation case bears the burden of presenting evidence that his or her compensable physical limitation is "an element in the causal chain resulting in or contributing to the wage loss." City of Clermont v. Rumph, 450 So.2d 573 at 576 (Fla. 1st DCA 1984). The claimant has no burden to establish that the compensable impairment was the sole cause of the wage loss, and benefits will not be precluded simply because the wage loss, occurring after a period of successful post-injury employment, is attributable in some part to a noninjury-related factor. Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984). Whether the claimant has shown a causal connection between the wage loss and the injury is a factual question to be determined by the DC based on the totality of the circumstances, and the claimant need only produce competent substantial evidence from which the DC can infer a causal connection. Oxford Building Service v. Allen, 498 So.2d 523 (Fla. 1st DCA 1986). In other words, claimant's burden is to present evidence "which reasonably permits a conclusion that the compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss." Rodriguez v. Sheraton Bal Harbour Hotel, 509 So.2d 369 at 371 (Fla. 1st DCA 1987).
Had the only evidence produced in the instant case been that claimant was terminated due to STC's impending bankruptcy, reversal would be required as in Citrus Central v. Parker, 423 So.2d 610 (Fla. 1st DCA 1982) and Certified Grocers v. Opel, 430 So.2d 953 (Fla. 1st DCA 1983) (reversing awards of wage loss benefits on the basis that claimant's wage loss was due solely to economic conditions in no way related to his industrial injury)[1] The DC's finding, however, is properly based on claimant's testimony that when he returned to work at STC after the accident he was given responsibilities which increasingly exceeded his physical limitations, that when he attempted to perform these jobs he experienced pain and discomfort and often had to leave work early and in pain, that he conducted a good faith job search for employment within his physical limitations, and that he in fact found work at Accudyne which was within his limitations and almost identical to the position he held at STC prior to the accident, although with reduced wages.
Accordingly, the deputy commissioner's order awarding wage loss benefits is hereby affirmed.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] See Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984, limiting Citrus Central v. Parker and its progeny to their specific facts.