PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner denying wage-loss benefits and attorney fees.
Claimant suffered a lower-back injury on February 18, 1985, as a result of a fall at work. Prior to her accident, she had injured her back on three other occasions. After the February 18, 1985 accident, she came under the care of Dr. Steven Wright, an osteopathic physician. He diagnosed her condition as acute sprain/strain of the lumbosacral spine and recommended that she not return to work. He testified within a reasonable medical probability, that the February 1985 accident was an aggravation of a preexisting problem and was not solely responsible for causing her inability to work. Dr. Wright also testified that claimant has a permanent impairment and that she reached maximum medical improvement on August 20, 1985.
Dr. Michael D. Lusk, a neurological physician, examined claimant on August 19, 1985. He released her to return to normal physical activity but restricted her from heavy labor such as construction work. On May 21, 1986, Dr. Lusk wrote a letter to the employer and carrier (E/C) indicating that he had seen claimant only once and that, from a review of his medical records, he “would give her essentially a less than 5 if not 0, permanent disability.”
After claimant returned to work in December 1985, Dr. Wright saw her on 13 different occasions and treated her for back problems only once. He noted, however, that claimant was still having chronic back pain and prescribed appropriate medication during the entire period in which she returned to work. Claimant testified that she left her employment in July 1986 because she was missing work, not accomplishing work, and feeling back pain. She returned to see Dr. Wright on August 11, 1986, because of back pain. The record indicates Dr. Wright again diagnosed claimant’s condition as lumbosacral sprain/strain and told claimant not to return to work. Claimant testified that she was never told that she was released to work nor was she informed by the E/C that she had to perform a good-faith work search. For financial reasons, however, claimant signed up with an employment agency and was sent on three interviews between August 1986 and March 1987. At the time of the hearing, claimant testified that she had recently accepted full-time employment.
At the hearing for temporary partial disability benefits or, alternatively, for wage-loss benefits, the deputy found that claimant reached maximum medical improvement on August 20, 1985. He denied the requested benefits. On appeal, claimant contends that the deputy erred in finding that (1) she had not sustained permanent physical impairment, (2) her job search was inadequate, and (3) no causal relationship existed between her injury and subsequent wage loss. We find merit in each of these arguments.
The deputy erred in rejecting Dr. Wright’s expert opinion that claimant had sustained a permanent physical impairment. The grounds for rejection were that Dr. Wright did not use AMA guidelines. A deputy is not precluded from awarding benefits just because AMA guidelines are not used to determine the degree of impairment caused by a particular injury. Dayron Corporation v. Morehead, 509 So.2d 930 (Fla.1987). A deputy may rely on medical testimony utilizing other generally accepted medical standards. These include qualified expert testimony by a physician with training, expertise, and experience in treating a claimant or similarly injured patients. Rodriguez v. Dade County School Board, 511 So.2d 712 (Fla. 1st DCA 1987); Patterson v. Wellcraft Marine, 509 So.2d 1195 (Fla. 1st DCA 1987). A review of Dr. Wright’s deposition testimony indicates that his opinion was based on testing, his own training and experience, and the sever *52 ity of claimant’s complaints. Dr. Wright testified that he treated approximately 30 percent of his patients for back problems and that he is comfortable in rendering opinions regarding back symptoms and diagnoses. He also testified that he treated claimant for her back problems approximately 53 times during the period from February 19, 1985, through February 16, 1987. Furthermore, Dr. Wright testified that his opinion was also partially based on records from other physicians who had seen claimant. Clearly, Dr. Wright’s opinion on physical impairment was supported by reliable medical criteria.
The deputy also erred in finding that claimant had performed an inadequate job search. Once an employer and carrier are put on sufficient notice of a claim, they have an affirmative obligation to inform the claimant of her rights and obligations under the Workers’ Compensation Act. This includes the obligation to conduct a good-faith job search. Rios v. Fred Teitelbaum Construction Company, 522 So.2d 1015 (Fla. 1st DCA 1988); DeFrees v. Colt and Dumont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986). The record in this case shows that the E/C were put on notice of the claim on August 8, 1986, and that the E/C never informed claimant of her obligation to perform a good-faith job search. Even if the E/C had notified claimant of her duty to conduct a search, claimant fulfilled that duty by securing employment. Coq v. Fuchs Baking Company, 507 So.2d 138 (Fla. 1st DCA 1987).
Finally, the deputy’s determination that claimant's wage loss was not causally related to her industrial accident is not supported by competent, substantial evidence. In making his finding that no causal relationship existed, the deputy relied on his erroneous findings that claimant was not permanently physically impaired and had not conducted an adequate work search. He also relied in part on a finding that claimant lost her job for reasons other than her back injury. An award of wage-loss benefits is not precluded simply because it is shown that a claimant was terminated for absenteeism, economic conditions, or other reasons unrelated to the injury. STC/Documation v. Burns, 521 So.2d 197 (Fla. 1st DCA 1988). Rather, a deputy should consider the totality of the circumstances in determining whether a claimant has shown a causal relationship between the injury and the wage loss. Id.
Accordingly, the deputy commissioner’s order is reversed and the cause remanded for proceedings consistent herewith.
BOOTH, JOANOS and THOMPSON, JJ., concur.