PER CURIAM.
Claimant William Williams appeals an order finding no permanent impairment and therefore denying permanent total disability benefits and permanent wage loss benefits.
Williams is a 68-year-old married man with a Bachelor of Arts Degree in Psychology and a Masters Degree in Divinity. His work history includes three years as a minister, seven years as an employee for the State of Florida doing human relations work, three years as an employee for the State of Illinois, and nine years as a faculty facilitator for the University of Illinois. In 1974, he retired from the university at age 49 and built a boat with his wife. For the next ten years, they sailed between Fort Lauderdale and the Bahamas, engaging in free-lance writing and coastal trade. After their boat sank, Williams and his wife moved to Florida. He went to work for a boat manufacturer as a hardware installer. In July 1984, he began working for the employer herein as a finish carpenter. During this employment, claimant was exposed to fumes from various solvents and other chemical substances and began developing symptoms he attributed to toxic exposure.
In a compensation order of August 22, 1989, Judge of Compensation Claims Gary E. Frazier found that claimant had diffuse brain damage, visual pathway cerebral dysfunction, fatigue, depression and decreased vibration sensibility in his legs, all of which was causally related to industrial exposure to toxic fumes and that claimant suffered a permanent impairment. On appeal, this court affirmed as to causation and reversed and remanded as to the remaining issues of permanent impairment, permanent total disability benefits and deemed earnings because the record lacked medical testimony that claimant had reached maximum medical improvement. Hidden Harbor Boatworks v. Williams, 566 So.2d 595 (Fla. 1st DCA 1990).
After remand a final hearing on the merits of the claim took place on December 9, 1991. Judge of Compensation Claims (JCC) Joe E. Willis found “[i]n this case, not only *627 Dr. Lewis, but also Glenn Larrabee, Ph.D, felt that there was no permanent impairment.” The JCC concluded that “claimant does not have a permanent physical impairment as a result of the exposure to toxic substances while at work.” The order further contends that “[n]o doctor has indicated that claimant has been incapable of working at any time since his exposure to the toxic substances while working for the employer herein.” The JCC denied permanent total disability benefits and permanent wage loss benefits on the basis that claimant is not permanently and totally disabled and that claimant is “capable of working at the present time and is essentially semiretired for reasons unrelated to the exposure with the employer herein.” The order does not address psychological impairment.
We reverse the order because competent substantia] evidence does not support the JCC’s findings. None of the medical experts testified that claimant has no permanent impairment. The JCC relied heavily upon the testimony of Dr. James A. Lewis and Dr. Glenn Larrabee. However, both Dr. Lewis and Dr. Larrabee indicate that Williams reached maximum medical improvement with a permanent impairment.
Neurologist Lewis testified that a followup EEG taken on January 24, 1991 showed that claimant no longer suffered from diffuse brain damage. He found no objective evidence of a permanent impairment based on AMA Guidelines; however, he indicated that high level functioning injuries, such as claimant’s injury, are not dealt with in the AMA Guidelines.* Dr. Lewis testified that “there’s no question psychologically the man is still abnormal.” He explained that claimant has “lost the ability to reach his high level of integration of functions as he had in the past. He doesn’t concentrate well; he has lost initiative; he has lost enthusiasm; he has a sense of loss of energy.... A lot of his functions are normal, but the total picture is not normal in terms of his ability to function, at least in the way that he had been able to function up until he had his apparent injury.” The doctor opined that claimant’s “brain is probably still functioning abnormally but in such a subtle way that we can’t measure it except through psychology.” He testified that claimant’s overall pattern of abnormal functioning is based on his original brain impairment. He also noted that only one of claimant’s two abnormalities was retested and found to be back to normal.
Dr. Larrabee, a neuropsychologist, also did not see any compelling evidence of continuing diffuse brain injury or dysfunction. However, he testified that claimant has a permanent impairment psychologically. He opined that claimant suffered brain damage from toxic exposure, recovered and is now maintaining his symptoms on a psychological basis. He suggested psychotherapy with a detailed feedback of results. Dr. Larrabee did not see Williams in any type of working capacity given his present psychological state.
Because competent substantial evidence does not support a finding of no permanent impairment, we VACATE the JCC’s order and REMAND for reconsideration and further findings on the issues of permanent impairment, permanent total disability and wage loss. The JCC should address psychological impairment and the question of causation as to such.
BOOTH, BARFIELD and KAHN, JJ., concur.

 See Rodriquez v. Dade County School Bd., 511 So.2d 712 (Fla. 1st DCA 1987) (if AMA Guidelines do not cover a particular injury, permanent impairment can be proven by qualified expert’s testimony based on training, experience or other accepted medical guides); see also Jackson v. Puhlix Supermarkets, Inc., 520 So.2d 50, 51 (Fla. 1st DCA 1987) (although the treating physician stated that he found “no objective evidence ... of any permanent injuries,” the record does not support the deputy’s determination that claimant sustained no permanent impairment where the doctor recommended that claimant be retrained for lighter work and given medical restrictions attributable to the industrial injury).