389 So.2d 702 (1980)
SILVER SPRINGS SPORTSWEAR and Allstate Insurance Company, Appellants,
v.
Lucille MARLIN, Appellee.
No. SS-453.
District Court of Appeal of Florida, First District.
October 30, 1980.
*703 Donna C. Wyatt, of Cooper & Rissman, Orlando, for appellants.
Daniel L. Hightower and Steven H. Gray, of Hightower & Gray, Ocala, for appellee.
PER CURIAM.
In this worker's compensation appeal we find error and reverse the deputy commissioner's award of compensation to the claimant's husband for unskilled nursing services furnished by him to the claimant prior to the date of the claim, June 4, 1979. There was no request for nursing services as required as a prerequisite to recovery under Section 440.13(1), Florida Statutes (1977). Further, although the deputy commissioner's order contains a finding that the carrier "either knew or should have known that the claimant was in need of attendance services from approximately the time of her [3rd] surgery which occurred in November, 1976," we are unable to find competent substantial evidence to support this finding. On the contrary, we find that even the treating physician was unaware of the claimant's need for unskilled nursing assistance until after the claim was filed; and the carrier's first knowledge of such a need came when it received Doctor Cauthen's letter of June 19, 1979.
*704 The evidence relied upon by appellee, consisting of various medical and progress reports disclosing claimant's neurogenic bladder and bowel dysfunctions, double vision, and inability to bear weight on her right leg, does not suffice to confer knowledge that the nature of claimant's injuries required nursing services. Neither these reports nor the January, 1978 request by Dr. Cauthen for a wheelchair for the claimant disclose physical ailments or disabilities that would prevent the claimant from being able to care for herself without assistance other than that normally provided by family members. See Lance v. Witters Construction, 270 So.2d 4 (Fla. 1972); City of Miami v. Brownlow, 9 F.C.R. 360 (1976) cert. denied 339 So.2d 1167 (Fla. 1976).
We find no error in the award of five hours of unskilled nursing service per day in that the services rendered by claimant's husband, who quit his job so as to be able to care for his wife, went beyond those normally provided on a gratuitous basis by family members. See Craftmen's Village v. Benach, 8 F.C.R. 372 (1974), cert. denied 302 So.2d 762 (Fla. 1974); Edward L. Nezelek v. Terlizzese, 9 F.C.R. 328 (1975). Our determination that the deputy commissioner did not commit error in failing to award more than five hours of unskilled nursing services per day disposes of appellee's cross-appeal.
AFFIRMED in part and REVERSED in part, with directions to the deputy commissioner to enter an amended order limiting recovery of unskilled nursing services to those services provided subsequent to the filing of the claim.
LARRY G. SMITH and SHIVERS, JJ., and MASON, ERNEST E., Associate Judge (Ret.), concur.