413 So.2d 808 (1982)
STATE of Florida, DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES and Allied Insurance Company, Appellants,
v.
Kenneth Vernon HANDY and the Division of Workers' Compensation, Appellees.
No. AH-25.
District Court of Appeal of Florida, First District.
April 26, 1982.
Rehearing Denied May 24, 1982.
*809 Summers Warden, Miami, for appellants.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellees.
THOMPSON, Judge.
The employer and carrier (E/C) appeal a workers' compensation order, contending that the Deputy Commissioner (Deputy) erred: (1) in denying the E/C's petition for modification of a prior order awarding nursing services and (2) in awarding claimant's attorney an excessive fee for his services in resisting the petition for modification. We agree that the Deputy erred in these respects, and that his order requires modification.
In 1973 claimant sustained a compensable injury which rendered him permanently totally disabled. In 1976 a Judge of Industrial Claims determined that claimant was in need of attendant nursing care services, and that such services were being furnished by claimant's wife. Accordingly, by order dated February 5, 1976, the Judge of Industrial Claims directed the E/C to pay claimant's wife for her services, on the basis of two eight-hour shifts per day, seven days per week, at the rate of $27.00 per shift. This order was ultimately affirmed by the Florida Supreme Court in Handy v. Department of Agriculture and Consumer Services, 364 So.2d 722 (Fla. 1978). In February 1980 the E/C filed the petition for modification which is at issue here, alleging mistake of fact and change in condition in that claimant did not require nursing services.
Three physicians testified concerning claimant's present need for nursing services. Dr. Barry, an orthopedic surgeon, examined claimant and determined that he suffered advanced osteoarthritis, but that much of his symptomatology was feigned. Dr. Barry was of the opinion that claimant was not in need of any attendant nursing care services. Dr. Burbacher, another orthopedic surgeon, found that claimant had scoliotic deformity of the spine and chronic, severe muscle spasm in the low back. Dr. Burbacher was of the opinion that claimant would need some attendant care and assistance in obtaining food, in bathing, and in maintaining personal hygiene. He was of the opinion that claimant needed four to six hours of attendant care per day, but not on a daily basis. Dr. Burbacher felt that such part-time assistance could be rendered by a "visiting nurse" and that such assistance, in combination with the part-time assistance of claimant's wife, would suffice to meet his needs. Dr. Gilbert, a general surgeon, testified that claimant had a probable herniated disc and that he needed 10 to 12 hours of attendant care per day, seven days per week.
*810 Claimant's wife testified that she assisted her husband on a 24-hour basis, but both she and the claimant admitted that a portion of her time was spent shopping, cooking, and performing other ordinary household services. These services, when performed for a claimant by a spouse or other family member, are considered gratuitous, and cannot form the basis of an award for attendant care services. Pan American World Airways, Inc. v. Weaver, 226 So.2d 801 (Fla. 1969); Silver Springs Sportswear v. Marlin, 389 So.2d 702 (Fla. 1st DCA 1980). The record in this case is devoid of evidence which could support an award of attendant nursing care services in excess of eight hours per day, and we accordingly modify the Deputy's order to require the E/C to pay claimant's wife for her services on the basis of one eight-hour shift per day, seven days per week, at the rate of $27.00 per shift.
We turn now to the E/C's contention that the deputy erred in awarding a $20,000 fee to claimant's attorney. We note that the only evidence in the record as to the amount of attorney's time required to resist this petition for modification was the testimony of the E/C's expert witness, who was of the opinion that preparation of the case should have taken "perhaps 20 hours." Although this court has previously held that an award of attorney's fees will not be reversed solely because it results in a high hourly fee, Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981), we find the award in this case to be so patently excessive as to lead to the inescapable conclusion that the deputy not only failed to consider the amount of time and labor required, but also ignored the additional fee award criteria set out in Sections 440.34(1)(a) and (c), Florida Statutes:
[T]he deputy commissioner shall consider the following factors in each case and may increase or decrease the attorney's fee if, in his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
... .
(c) The fee customarily charged in the locality for similar legal services.
The record in this case includes competent substantial evidence which could support an attorney's fee award of no more than $4,000 and we therefore modify the order to grant an attorney's fee in the amount of $4,000.00.
The order, as hereinabove modified, is AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.