446 So.2d 242 (1984)
C. & B. INTERIORS and Johns Eastern Company, Inc., Appellants,
v.
Ralph CRISPINO, Appellee.
No. AU-162.
District Court of Appeal of Florida, First District.
March 6, 1984.
David M. Mitchell of Harkavy, Moxley, Mitchell & Stewart, Sarasota, for appellants.
Alex Lancaster, Sarasota, for appellee.
JOANOS, Judge.
In this workers' compensation appeal, employer and carrier ("E/C") contend there is no competent substantial evidence to support the award of wage loss benefits, specifically because claimant suffered no physical limitations upon his ability to work after he reached maximum medical improvement ("MMI"). We agree and reverse.
*243 Crispino sustained a compression fracture as a result of a work related accident. The only medical opinion rendered as to Crispino's post-MMI condition was that of Dr. Lascelle. Dr. Lascelle opined claimant has a 6% permanent impairment based on the AMA Guidelines due simply to the existence of the healed compression fracture. He said claimant has no loss of range of motion as a result of the fracture, he placed no physical restrictions on claimant, and he thought claimant could return to his previous work as a carpenter.
With regard to claimant's testimony as to his present physical limitations, this case is similar to Kyle v. Davis, 435 So.2d 918 (Fla. 1st DCA 1983), and Oak Crest Enterprises, Inc. v. Ford, 411 So.2d 927 (Fla. 1st DCA 1982). In Davis, claimant's doctors said he was capable of light duty work, but claimant said he was unable to perform such work due to pain. This court repeated the well-established principle that "[a] claimant's `bare complaints of continued pain so that the claimant feels unable to work' is not a condition that is `readily observable by lay people.' Such evidence is insufficient to override medical testimony to the contrary and to prove inability to work." In Ford, the court noted, "[i]n view of the fact that both physicians who testified in the case were of the opinion that claimant could work without limitation and was in need of no additional medical treatment, the claimant's testimony that she could not work is wholly inadequate to prove her entitlement to wage loss benefits." Claimant did not show that his inability to obtain work was due to physical disability related to the industrial accident, and the award of wage loss benefits must be reversed.
REVERSED.
SHIVERS and THOMPSON, JJ., concur.