MILLS, Judge,
concurring in part and dissenting in part:
I concur in part and dissent in part with the majority opinion.
In this worker’s compensation appeal, the employer/carrier (E/C) appeal an award of compensation to claimant’s wife for nursing services furnished by her to the claimant. The deputy awarded a sum equal to $3.91 per hour, for 10 hours per day from 11 March 1981 to 3 December 1981 (excluding brief periods of hospitalization), and the same hourly wage for 30 hours per week from 3 December 1981 to 29 September 1982 or MMI. The E/C does not contend that the services performed by claimant’s wife were not compensable nursing services. Rather, the E/C argue that there is no competent substantial evidence in the record to support an award for more than 8 hours per day for the former time period or to support any award for the latter period. I would affirm in part and reverse in part.
I find no error in the award to claimant’s wife covering the period from 11 March 1981 to 3 December 1981. Claimant's wife had to quit her job in order to care for her husband and the services she rendered thereafter, including bed bathing, wound and dressing care, physical therapy and round-the-clock assistance with toilet functions, went far beyond those normally provided on a gratuitous basis by family members. See Silver Springs Sportswear v. Marlin, 389 So.2d 702 (Fla. 1st DCA 1980).
With regard to the award covering the period from 3 December 1981 to 29 September 1982 however, I find error and would reverse the award insofar as it compensated claimant’s wife for services rendered after 30 June 1982 through MMI (which the record indicates occurred 22 September 1982, not 29 September 1982, as stated in the deputy’s order). There is no competent substantial evidence to support the deputy’s finding that claimant’s wife provided compensable nursing services to claimant after that date on which the record reflects claimant was released by his physical therapist.
The record shows that the services performed by claimant’s wife after his casts were removed on 3 December 1981 consisted of encouragement of claimant to perform his physical therapy exercises at home (the wife testified that she was not actually administering the therapy at this point); transporting claimant to his formal physical therapy sessions, located in the town of their residence, which decreased in number from a high of 12 sessions in January 1982 to five sessions during the final month of therapy, June 1982; and assisting claimant to sit and stand, although, once standing, claimant could walk without assistance. Claimant was able to bathe himself, and the wife herself testified that, after the casts were removed, it was no longer necessary to provide assistance for claimant in getting to the bathroom. Therefore, after the claimant’s physical therapy ended on 30 June 1982, the wife’s services were reduced to assisting claimant to sit and stand. This service does not go beyond that normally provided gratuitously by family members. Silver Springs, supra. I would find, therefore, that it was error to award compensation to claimant’s wife for nursing, services after claimant’s physical therapy ended on 30 June 1982. As this court pointed out in Sanlando Utility Corporation v. Morris, 418 So.2d 389 (Fla. 1st DCA 1982):
In the face of competent substantial evidence, we recognize that factual determinations by a deputy commissioner are normally not to be reweighed by an appellate tribunal even though substantive evidence may be marshaled to counter the deputy’s determination. However, this rule evaporates when, as here, there is no competent evidence to support a deputy’s conclusions.
I would affirm the award of compensation to claimant’s wife from 11 March 1981 to 3 December 1981. I would reverse the award of compensation from 3 December 1981 to 29 September 1982 in part with directions to the deputy to enter an amended order which limits the recovery for nursing services rendered after 3 December *441 1981 to 30 hours per week from that date to 30 June 1982.