450 So.2d 573 (1984)
CITY OF CLERMONT and Aetna Insurance Company, Appellants,
v.
William RUMPH, Appellee.
No. AU-438.
District Court of Appeal of Florida, First District.
May 11, 1984.
Rehearing Denied June 13, 1984.
*574 James M. Hess, of Driscoll, Langston & Kane, Orlando, for appellants.
Joseph E. Smith, of Hurt & Parrish, Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order and assert that a 1983 amendment to § 440.15(3)(b)2, Florida Statutes, precludes an award of wage loss benefits in this case. We affirm the order appealed.
Claimant is a 35 year old laborer who has worked as a garbage man and fruit picker, and who sustained an industrial accident in 1981 when his hand was caught in tractor machinery. The accident produced injury *575 to two fingers, and the appeal does not question the existence of a resulting permanent impairment, required by the statute as a predicate for wage loss benefits, upon the attainment of maximum medical improvement in 1982. Claimant attempted to return to his former employment but was advised that his position had been filled and that no other job was available. He then made an unsuccessful job search for several months and sought wage loss benefits, which were controverted. After a hearing on the issue the deputy commissioner awarded benefits, and the order was affirmed on appeal. Claimant made a continuing job search, personally contacting a minimum of ten prospective employers each month.[1] In each instance he filled out a job application, and when requested admitted that he had sustained an industrial injury. Claimant testified that while he was not explicitly told by prospective employers why he was not hired, "once they found out about the injury" they would not employ him.
Despite his efforts claimant's job search was unsuccessful, and he therefore again requested wage loss benefits. Employer/carrier took the position at the hearing on July 25, 1983, that such benefits are precluded in this case by a 1983 amendment to § 440.15(3)(b)2, Florida Statutes. The deputy commissioner expressly rejected this defense and awarded the requested wage loss benefits for the months of January through June 1983.[2]
As enacted in 1979, § 440.15(3)(b)2 provided that "the burden shall be on the employee to establish that any wage-loss claimed is the result of the compensable injury." In 1983 the legislature amended this provision to further provide that:
It shall also be the burden of the employee to show that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident, is due to physical limitation related to his accident and not because of economic conditions or the unavailability of employment.
Claimant asserts that this 1983 amendment so affects his substantive rights as to be inapplicable in the present case since his accident and injury preceded the amendment's effective date. While the substantive rights of the parties in a workers' compensation case are determined by the law in effect at the time of the claimant's injury, this rule does not apply to procedural enactments. See Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960). In the present case we find the contested amendment to be a procedural burden-of-proof enactment, and the provision's applicability is therefore not governed by the date of claimant's accident and injury.[3]
To whatever extent the 1983 amendment applies in this case,[4] we conclude that claimant has satisfied the evidentiary burden which the amendment imposes. The contested provision was enacted at the next legislative session after this court's en banc decision in Regency Inn v. *576 Johnson, 422 So.2d 870 (Fla. 1st DCA 1982),[5] which expressly held that:
... the unavailability of jobs due to economic conditions does not preclude recovery of wage loss benefits, and, accordingly, it is not necessary for a wage loss claimant to present evidence that his refusal for employment was not due to unavailability of jobs resulting from economic conditions... .
Employer/carrier argue that the 1983 amendment has effectively overruled Regency Inn, and precludes an award of wage loss benefits unless a claimant establishes that economic conditions do not affect his employability. In Regency Inn the employer/carrier suggested a similar construction of § 440.15(3)(b), as then enacted. In rejecting this argument the en banc court noted that:
... the employer/carrier's view is fundamentally flawed by its failure to take into account the aspect of `certainty' of recovery which is said to contribute to the constitutional validity of the workers' compensation system. Acton v. Ft. Lauderdale Hospital, 418 So.2d 1099 (Fla. 1st DCA 1982)... .
The court further observed that such an approach would have the effect of withholding wage loss benefits in times of economic depression, thereby
... depriving those workers' compensation claimants of a remedy for work-related injuries, and seriously affecting, in our judgment, the rational balancing of the rights and interests of both employers and employees which is necessary to give validity to the wage loss concept. Acton v. Ft. Lauderdale Hospital... .
As Regency Inn thus indicates, in the present case employer/carrier's suggested construction of the 1983 amendment to § 440.15(3)(b) would seriously imperil the constitutional validity of the workers' compensation law. We are obliged to construe statutory pronouncements in such a manner as to effectuate their constitutionality. See Miami Dolphins Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981). We are also obliged to adopt the statutory construction which is most favorable to the employee. See Kerce v. Coca-Cola  Foods Division, 389 So.2d 1177 (Fla. 1980). We therefore decline to adopt employer/carrier's suggested construction of the 1983 amendment to § 440.15(3)(b)2. We construe the amendment, instead, as precluding an award of wage loss benefits when predicated solely on economic considerations unrelated to a claimant's physical limitations by ordinary proximate cause standards. We further read the amendment as emphasizing the requirement that claimant shall present evidence indicating that the compensable physical limitation is a contributing causative factor in the wage loss claimed.
Claimant's initial burden under the amended language, therefore, is to present evidence, by job search when appropriate, which reasonably permits a conclusion that the compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss. The statute does not impose (and we do not consider the effect of such an attempt) any burden on claimant to show that the compensable impairment was the sole cause of wage loss, and we find no merit in appellant's argument that "it was incumbent on the claimant to produce live (sic) testimony to the effect that he was not hired as a result of his compensable injury." Nothing in the amendment requires such direct testimonial evidence, its terms relating instead to what shall be proven and not the method of proof. The cause of incapacity to earn may therefore, as in any other case, be shown by direct or circumstantial evidence, and we adhere to the conclusion in Regency, 422 So.2d 879, and note 9, that wage loss entitlement under the statute does not hinge on direct or *577 affirmative proof of after-injury economic conditions. An unavailing work search, sufficiently extensive and intensive, by a permanently impaired worker such as the claimant in this case, may meet the statutory requirements for prima facie proof of connection with permanent physical limitation.[6]
In affirming the deputy's conclusion that the claimant in the present case met the burden which § 440.15(3)(b)2, as amended, imposes, we find that consideration was properly given to the fact that claimant's industrial injury displaced him from his employment; that the employer refused to rehire claimant;[7] and that claimant in good faith performed an extensive, but entirely unsuccessful, job search during which prospective employers were generally aware of claimant's physical condition. In this case, in addition, it has not been shown that claimant limited his income or declined appropriate employment.
In determining that claimant has met his initial burden of establishing that the claimed wage loss was causally related to his industrial injury and physical limitation, we are compelled to reiterate the observation of the en banc court in Regency Inn:
... it lies within the power of the participants in the workers' compensation system itself to avoid wage loss claims which might be considered unwarranted or excessive by concentrating their efforts on rehabilitation and reemployment of injured workers, rather than by aiming for technical interpretations by which it is hoped to defeat or diminish the recovery of benefits by the injured employee. [fn. omitted]
The order appealed is affirmed.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] Claimant testified that he also checked the help-wanted ads in the newspaper, queried friends regarding work, made telephone contacts, and sought work through the State Employment Office.
[2] The deputy found that:

The claimant testified at the hearing that he had not been told by employers during this period of wage loss benefits claimed as to why he was not hired. I find that the statutory requirement of causal connection was met even assuming that the claimant did not prove directly that jobs were available which he could not get because of physical limitations. I specifically find that the employer would not rehire the claimant.
[3] Unlike the amendment in Peck v. Palm Beach County, 442 So.2d 1050 (Fla. 1st DCA 1983), in the present case the new provision is not limited to injuries from accidents occurring after a specific date, but rather takes effect upon becoming law. See Chapter 83-305, § 21, Laws of Florida 1983.
[4] We do not consider the further issue, not argued by the parties, as to whether the amendment should not apply because periods of claimed wage loss in this case occurred prior to the enactment's effective date.
[5] The original panel opinion in Regency Inn contrasted the statutory language of § 440.15(3)(b)2, as then enacted, with that of § 440.15(1)(b), regarding causal relation, suggesting that the legislature is capable of imposing particular standards where such are intended. The en banc opinion in Regency Inn noted the "qualifications and limitations" expressed in § 440.15(3)(b)2, and declined to find that further standards were implied.
[6] Cf., Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984), for an analogous construction of the permanent total disability entitlement standards. To the extent that either opinion in Regency implicitly approved wage loss based solely on accident-related economic dislocation, unaffected by residual impairment, i.e., but for the accident claimant would not have been unemployed  the opinion must of course be read in light of the amendment. The claim in the present case does not rest on that basis, and we need not consider the effect of proof, by whatever means, that a particular permanent impairment has no effect on a claimant's competitive market position.
[7] As Regency Inn indicates, at footnote 7:

... the duration and amount of wage loss claimed of any injured employee will vary in direct proportion to the extent to which employers and carriers realistically accept the obligation to rehabilitate, if necessary, and to otherwise aid in the reemployment of the injured worker... .