WENTWORTH, Judge,
concurring specially.
I agree with affirmance based on claimant’s prima facie showing of wage loss not based solely on conditions unrelated to his physical impairment. I would, however, construe the appellant’s arguments here as controverting the deputy’s finding of ultimate fact that “any wage loss has not been the result of his compensable injury.” I would note also that Rumph did not excuse claimant from showing in some way that his lack of success in a work search resulted in part from his compensable injury. The opinion rejected only the carrier’s “argument that ‘it was incumbent on the claimant to produce live [sic] testimony to the effect that he was not hired as a result of his compensable injury,’ ” (e.s.) and stated that instead “[t]he cause of incapacity to earn may ... be shown by direct or circumstantial evidence” including an unavailing work search, which may under proper circumstances “meet the statutory requirements for prima facie proof of [wage loss] connection with permanent physical limitation.” The evidence in that case illustrated one of the many ways in which the existence of a physical limitation may contribute to wage loss, the connection there being shown, in part, by prospective employers’ rejection “once they found out about the injury.” 450 So.2d 575, 576.
The decision in Photo Electronics Corp./WPEC v. Glide, 432 So.2d 164 (Fla. 1st DCA 1983), was simply that mere lack of success in work search was not relevant to show increased permanent disability from a 1978 injury because causal connection was not shown. In that case the lack of causal relation between claimant’s injury and unemployment was shown by other evidence including claimant’s lengthy unimpaired performance of his original job duties. I find no problem with the opinion’s conclusion in that situation that the “adequacy of a job search becomes relevant only after the initial burden is met,” but that does not in my opinion conflict with Rumph, supra, nor does it preclude meeting that initial burden, i.e. the requirement of prima facie proof of causal connection between injury and wage loss, by evidence of an unavailing work search of the character described in Rumph under the circumstances present there and apparently in the case now before us.