MILLS, Judge.
In this workers’ compensation action, Fred Baker Construction Company and Self-Insured Services, Inc. (E/C) appeal from the deputy commissioner’s order which granted Pipitone temporary partial disability and wage loss benefits. The E/C contend that the deputy’s award is not supported by competent substantial evidence. We disagree and affirm.
Pipitone was involved in a compensable accident on 12 August 1982, when a scaffold he was working on overturned. As a result of this fall, Pipitone fractured his pelvis, both wrists, and sustained a serious lower back injury. It has been stipulated by the parties, that Pipitone sustained a 27.8% permanent partial impairment of the body as a whole from this accident.
In March of 1983, Pipitone was able to secure light duty employment as a security guard with the Hayes Corporation, where he remained until August 1983. Pipitone testified that he voluntarily resigned this position based on his physical inability to perform all the duties involved. For example, he was routinely assigned as a night watchman on high-rise condominium construction projects which required him to visually inspect each floor and patrol the rough grounds. Pipitone stated that he asked for assignments which would entail less walking and climbing but was informed that nothing was currently available. On several occasions, Pipitone made requests for longer working hours and the office manager felt this dispute was the cause of his leaving the employment.
Pipitone sought temporary partial disability and wage loss benefits subsequent to 27 February 1984, the date of maximum medical improvement, through the month of April. He produced a job search diary indicating contact with sixty-one (61) prospective employers during the months of *660 February, March, and April 1984. Also, Pipitone testified that he made use of the Florida State Employment Service and newspaper want ads. The E/C defended the claim, contending Pipitone voluntarily limited his income by resigning his security guard position.
When a claimant presents evidence, by job search or live testimony, which permits a conclusion that his or her physical limitation was an element in the causal chain resulting in or contributing to the wagé loss, the deputy is authorized to award benefits. This court has specifically stated that claimants do not have the burden of showing that their compensable impairments are the sole cause of wage loss. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984).
The E/C maintains that Pipitone is not entitled to wage-loss benefits because he voluntarily limited his income due to a work hour conflict. However, as we stated in Williams Roofing, Inc. v. Moore, 447 So.2d 968, 973 (Fla. 1st DCA 1984), a deputy is “not bound to accept evidence of non-injury related motivation presented by an E/C concerning an employee’s change in employment status if there is evidence which suggests that the industrial injury played some part in the decision or sequence of events.”
In the instant case, there is abundant evidence to show that Pipitone’s com-pensable injury was a contributing factor in his inability to obtain or keep employment. Further, there is competent substantial evidence to support the deputy’s finding of an extensive good faith job search.
Because the deputy’s decision is supported by competent substantial evidence, we must affirm the deputy’s award of interest and costs.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.