PER CURIAM.
The order in this workers’ compensation case is not an appealable final order, and the appeal is dismissed on the court’s own motion.
The claim for wage-loss benefits has not been finally adjudicated since no wage-loss benefit forms have been filed by claimant; the order merely grants claimant leave to file such forms to perfect his claim. The order expressly declares that the claim for rehabilitation benefits is not ripe for adjudication and merely directs that claimant obtain a rehabilitation evaluation as a predicate to that determination.
Since it appears likely that these claims will be the subject of further proceedings before the deputy, we point out that the deputy’s order incorrectly recites that the burden is on the carrier to prove the affirmative defense that “the claimant’s lack of employment is due to the state of the economy, not to his compensable injury.” The applicable statute clearly places the burden on claimant to prove that the wage loss claimed is due to physical limitations related to the accident and not because of economic conditions or the unavailability of employment. § 440.-15(3)(b)(2), Fla.Stat. (1983); City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984).
APPEAL DISMISSED.
JOANOS, THOMPSON and ZEHMER, JJ., concur.