498 So.2d 620 (1986)
Helen IVERSON, Appellant,
v.
HOLY CROSS HOSPITAL and Fred S. James & Company of Florida, Appellees.
No. BL-29.
District Court of Appeal of Florida, First District.
December 5, 1986.
C. Randal Morcroft, Margate, for appellant.
Anthony J. Beisler, Ft. Lauderdale, for appellees.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order in which a claim for wage loss benefits was denied. We find that the deputy erred by imposing an inappropriate burden of proof, and we therefore reverse the order appealed.
Claimant sustained an industrial injury when she slipped and fell, suffering a contusion to her tibia, while employed as a dietary aide in 1982. She was treated conservatively and returned to work but experienced persistent pain. After another incident when her knee "buckled," claimant received further treatment and was given a knee brace. She was thereafter placed on "unable to work" status by her physician and physical therapy was provided. In March 1984 claimant was released to work without restriction, as having attained maximum medical improvement with a 2% permanent impairment rating.
Claimant testified that she reapplied for a position with her employer but was not re-hired. She conducted a work search and obtained part-time employment in a school lunchroom, in the course of which she experienced increased knee pain. Upon returning to her physician with "notable swelling," claimant was advised to continue part-time employment while undergoing further tests. Acceptable results were obtained from these tests, and claimant was discharged from further care in March 1985, at which time she was released to return to work with "no restrictions or limitations related specifically to her occupation... ."
A claim was made for wage loss benefits for September through November 1985, and the validity of claimant's job search *621 was not contested.[1] The deputy denied the claim, finding that claimant's "complaints ... about being unable to return to this kind of work and being unable to find employment is [sic], in my opinion, insufficient to override the medical evidence that the claimant can return to her regular form of work without restriction or limitation." (e.s.) In reaching this conclusion the deputy referenced C & B Interiors v. Crispino, 446 So.2d 242 (Fla. 1st DCA 1984), as "on all fours" with this case.
Crispino indicated that "bare complaints" of pain and inability to work did not satisfy the claimant's evidentiary burden. But the opinion does not suggest that the claimant there undertook any job search or attempted to return to work with the former employer. In the present case the parties stipulated as to the adequacy of claimant's job search, and she was declined reemployment by her former employer after being displaced from her job. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), establishes that these are significant factors to be considered in assessing whether a claimant has met the burden of proof imposed by section 440.15(3)(b)(2), Florida Statutes.
Rumph expressly adheres to the position adopted in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), on reh. en banc, to the effect that a claimant's burden is satisfied by "showing a change in employment status due to the injury, and an adequate and good faith attempt to secure employment ... so as to establish, prima facie, an economic loss... ." Regency Inn further indicates that once a claimant shows such loss the burden is then upon the employer/carrier to demonstrate a voluntary limitation of income or refusal of work.
The circumstances of the present case satisfy claimant's initial burden of proof in accordance with section 440.15(3)(b)(2), as delineated in Rumph and Regency Inn. As in Rumph, claimant's industrial injury and resulting condition were shown to be a causal element in the wage loss claimed.[2] The deputy thus should have considered all relevant evidence before him and found that claimant met the initial burden of a prima facie showing that the wage loss claimed was the result of the compensable injury, and voluntary limitation of income was not shown.
The order appealed is reversed and the cause remanded with directions that the claim be granted.
BOOTH, C.J., and MILLS, J., concur.
NOTES
[1] The record statements were:

MR. BEISLER: I'm not contesting the job search and the forms. I mean, she has submitted job search 
THE DEPUTY: Well, you're asking me to determine whether or not it's reasonable 
MR. MORCROFT: Not the validity of the job search. Their position really is a legal one Judge. They are saying that when the claimant has minimal impairment and no restrictions, that that doesn't qualify for wage loss, is that right?
MR. BEISLER: Right.
MR. MORCROFT: It's a legal question and not a factual one.
[2] Rumph expressly notes that the facts there presented did not involve an accident-related economic dislocation entirely unaffected by any residual condition or impairment. Neither does the present case involve this circumstance. That conclusion, however, does require consideration of the probative effect of the work search evidence which was conceded to be adequate by appellees here and before the deputy. Claimant also testified that she was expressly rejected for employment by one potential employer because of her injury, explaining that she was told:

... if I didn't have the injury already to my leg, they could give me something to do, but since I have the injury, that I couldn't get the job... . He said that the job consisted of a lot of standing and a lot of walking.
But the probative effect of job search evidence does not depend solely on such direct attribution of causal relation, and we note that claimant advised this potential employer that she was released to work without restrictions. The order does not reject such evidence on grounds of weight or credibility but simply concludes by misapplication of Crispino that it is per se insufficient to override the fact of medical release without restriction.