510 So.2d 992 (1987)
SCHOOL BOARD OF MANATEE COUNTY and Johns Eastern Company, Inc., Appellants,
v.
Chris Lamar GAMBUZZA, Appellee.
No. BO-168.
District Court of Appeal of Florida, First District.
July 9, 1987.
Rehearing Denied August 26, 1987.
*993 Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants.
Janet Jaspers of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order which in pertinent part awarded claimant temporary partial disability (TPD) benefits from February 3 to November 19, 1985, wage-loss benefits from November 19, 1985, through the date of the hearing, a vocational rehabilitation evaluation, and TPD benefits or reimbursement for 61 hours of sick leave for the months of May, June, and July, 1985. We reverse.
The issue on appeal is whether there is competent, substantial evidence to support the deputy commissioner's finding that claimant's wage loss was caused by a demotion occurring "after the industrial accident of January 4, 1985."
We find there is no competent, substantial evidence to support the deputy's finding that the demotion occurred "after the industrial accident of January 4, 1985." The evidence reflects claimant's wage loss was due to a demotion occurring before the industrial accident. Likewise, the evidence does not support the award of 61 hours of TPD benefits or sick leave.
Claimant has the burden of establishing the wage loss claimed is the result of the compensable injury. § 440.15(3)(b)2, Fla. Stat.; Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), petition for review denied, 431 So.2d 989 (Fla. 1983). All claimant must show is that the compensable, physical limitation is a contributing causative factor, not that the impairment is the sole cause of the wage loss. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984). The deputy must look to the totality of circumstances to determine whether claimant has demonstrated a causal relationship between the injury and the wage loss. Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984).
Here, claimant's supervisor testified that he recommended claimant be demoted in November of 1984, well before the January 4, 1985 accident. This testimony is supported by the November 9, 1984 evaluation of claimant. The back problems addressed in this document clearly have no connection with the injury claimant sustained on January 4, 1985. Claimant's supervisor also testified that the actual demotion occurred in the morning, before the accident occurred around noon. Claimant testified that the January 4 accident occurred in the afternoon. When asked if his conversation with his supervisor regarding his demotion occurred after the accident, claimant testified that his supervisor had discussed it prior to his accident, but he did not remember the dates. Claimant's testimony *994 does not refute that he was informed of the demotion before his accident.
The evidence reflects that claimant's wage loss was caused by the demotion occurring prior to the January 4, 1985 industrial accident. Therefore, we reverse the award of TPD benefits from February 3 through November 19, 1985 and the wage-loss benefits from November 19, 1985 through the date of the hearing with the corresponding vocational rehabilitation evaluation.
We also reverse the 61 hours of sick time or TPD benefits awarded claimant for the time he took for therapy sessions. Although there may be some confusion regarding the time claimant took off for therapy, it is clear that therapy sessions were never more than 30 minutes long, and claimant was allowed to leave work for at least one hour per session without having his sick leave docked. Claimant admitted he did not return to work after his therapy sessions because no one told him to. Claimant presented no evidence that this extra time off was required as part of his therapy.
Accordingly, we reverse and remand for entry of an order consistent with this opinion.
BOOTH, JOANOS and NIMMONS, JJ., concur.