## SCANLAN, et al. v MARTINEZ, et al.

### Case No. 90-3137

Second Judicial Circuit, Leon County

December 5, 1990

## OPINION OF THE COURT

J. LEWIS HALL, JR., Circuit Judge.

### FINAL JUDGMENT

This action was tried before the Court on October 31 and November 1 and 2, 1990. Plaintiffs Mark Scanlan; Professional Fire Fighters of Florida, Inc.; International Brotherhood of Electrical Workers, Local 606; Florida AFL-CIO; Communications Workers of America; Bill Stanfill; Ralph Ortega; and Albert Darryl Davis; and the Plaintiff/ Intervenor, Florida Police Benevolent Association, filed an action for declaratory and injunctive relief under Chapter 86, Florida Statutes. The Plaintiffs and Plaintiff/Intervenor asked for a determination of the

validity of Chapter 90-201, Laws of Florida, and designated portions of Chapter 89-289, Laws of Florida. After hearing the evidence, argument of counsel and being otherwise duly advised in the premises, the Court finds:

1. Plaintiffs Mark Scanlan, Professional Fire Fighters of Florida, Inc.; International Brotherhood of Electrical Workers, Local 606; Florida AFL-CIO; Communications Workers of America; and the Plaintiff/Intervenor, Florida Police Benevolent Association, have standing to bring this lawsuit.

2. The prior order of this Court dismissing Representative Hurley Rudd and Senator W. D. Childers as defendants in this cause is hereby incorporated by reference into the Court's final judgment.

3. Chapter 90-201, Laws of Florida, entitled "The Comprehensive Economic Development Act of 1990," violates the single subject rule contained in Article III, Section 6 of the Florida Constitution. The single subject rule requires that disparate topics within a bill be reasonably and rationally related to the subject of the bill. Disparate, by its very definition, would indicate that the subtopics themselves are not necessarily related to each other, but must relate to the subject of the bill. The subject of this Act is economic growth and development of the State of Florida. The Court finds that this subject creates too broad an "umbrella" and that the disparity of topics placed under that subject violates the single subject rule. Chapter 90-201, Laws of Florida, is therefore invalid in its entirety due to this violation.

4. Chapter 90-201, Laws of Florida, violates the separation of powers doctrine contained in Article II, Section 3, of the Florida Constitution by making the Industrial Relations Commission, an executive branch entity, subject to certain retention requirements of a body housed within the judicial branch, and also by giving the legislative branch the power to administer provisions of the Act together with the funds to do so. More specifically, Section 3 of Chapter 90-201, Laws of Florida, creates Section 20-17(5), F.S., which establishes an Industrial Relations Commission within the executive branch. This section makes the judges of the Industrial Relations Commission subject to the Supreme Court Judicial Nominating Commission appointment and retention process. Section 20-171(5)(a)1d, F.S., states in relevant part:

A report of the Supreme Court Judicial Nominating Commission regarding retention shall be furnished to the Governor not later than 6 months prior to the expiration of the term of a judge. If the Supreme Court Judicial Nominating Commission issues a favorable report, the Governor *shall* reappoint the judge. (emphasis supplied)

This provision is fatally defective because it mandates that the decision of the Supreme Court Judicial Nominating Commission, a judicial branch entity, controls the retention process, leaving the Governor with no discretion regarding the retention of executive branch employees. Additionally, Section 20.171(5)(a)1e, F.S., makes the Industrial Relations Commission judges subject to disciplinary measures and treatment by the Judicial Qualifications Commission, a judicial branch entity. This is fatally defective because it requires that executive branch employees be disciplined by the judicial branch. Furthermore, Section 118 of Chapter 90-201, Laws of Florida, contains an appropriation of $601,564 to the Joint Legislative Management Committee, a legislative branch entity, to "administer" the provisions of the Act. This provision is fatally defective because it appropriates executive branch trust fund monies to a legislative body to administer an act regulated by an executive agency. In a separation of powers constitutional challenge, if the separation of powers rule is violated then the entire statute is negated. Chapter 90-201, Laws of Florida, is therefore invalid in its entirety under this theory, as well.

5. In addition to these issues by which the totality of the Act is invalidated, there are certain individual provisions of the Act which, in the Court's view, do not pass constitutional muster. Section 18 of the Act amends Section 440.13(2)(i)3a, b, and c, F.S., commonly referred to as the "Super Doc" provision. The Court finds that this provision is violative of the Constitution with respect to both due process under Article I, Section 9 of the Florida Constitution and access to courts under Article I, Section 21 of the Florida Constitution. In cases where there is a dispute between physicians, chosen by a Judge of Compensation Claims and designated as "Super Doc," to be resumed correct unless his opinion is overcome by clear and convincing evidence in a hearing later held before that Judge of Compensation Claims. There is no rational basis to imbue the "Super Doc" with a greater credibility than any of the other physicians. The presumption of correctness of his opinion, absent clear and convincing evidence to the contrary, contains no basis for the application of that standard simply because he happens to be the third physician rendering an opinion. Furthermore, the clear and convincing evidence standard is an extraordinarily stringent standard and to some degree usurps the fact-finding responsibility of the Judge of Compensation Claims. The Court finds this constitutionally deficient on both due process and access to courts grounds.

6. Section 20 of the Act amends Section 440.15(1)(b), F.S., to provide that in the "other cases" category, no compensation shall be

payable for permanent total disability if the employee is engaged in or is physically capable of engaging in gainful employment. The burden is upon the employee to establish that he is not able uninterruptedly to do even light work *"available within a 100-mile radius of the injured employee's residence* due to physical limitation." This violates the access to courts provision of Article I, Section 21 of the Florida Constitution because it is not a reasonable alternative to rights available under the common law.

7. Section 20 of the Act amends Section 440.15(3)(b)4e, F.S., which provides:

> In the case of an employee whose permanent impairment from the injury is at least one (1) per cent but no more than twenty (20) of the body as a whole, the burden is on the employee to demonstrate that his post-injury earning capacity is less than his pre-injury average weekly wage and is not the result of economic or of his own misconduct. In the case of an employee whose permanent impairment from the injury is 21 per cent or more of the body as a whole, the burden is on the employer to demonstrate that the employee's post-injury earning capacity is the same or more than his pre-injury wage. The First District Court of Appeal has on at least two occasions previously observed that this is a constitutionally imperiled provision. One is the en banc decision of the court in *Regency Inn v Johnson,* 422 So.2d 870 (Fla. 1st DCA 1982) and the other is *City of Clermont v Rumph,* 450 So.2d 573 (Fla. 1st DCA 1984). The language in Section 20 of the Act is constitutionally offensive in light of these decisions.

8. Section 43 of Chapter 89-289, Laws of Florida, is the sunset provision of the 1989 Act whereby Chapter 440, F.S., was to have been repealed effective October 1, 1991. The Legislature's statutory to sunset regulatory agencies is limited in application to regulatory or administrative agencies. It is not applicable to general law. Therefore, Section 43 of Chapter 890289, Laws of Florida, providing for the sunset or repeal of the Workers' Compensation Law on October 1, 1991, is invalid as it was enacted by the Legislature without authority.

9. Section 56 of Chapter 90-201, Laws of Florida, is the backward repealer. It provides:

> Notwithstanding the provisions of the Regulatory Sunset Act or of any other provision of law which provides for review and repeal in accordance with § 11.61, Florida Statutes, Chapter 440, Florida Statutes, shall not stand repealed on October 1, 1991, and shall continue in full force and effect as amended herein. Like Section 43

of Chapter 89-289, Laws of Florida, this backward repealer is not consistent with the authority granted to the Legislature whereby it could sunset regulatory agencies, nor to any statutory provisions relating to regulatory agencies. Such authority cannot be used to sunset general laws, and the provisions of this section are therefore also invalid.

10. The Court finds that the cumulative effect of removing or severing the portions of the Act referenced in paragraphs 5-9, above, is not of such a degree that it would impinge upon the express legislative intent. The Court, therefore, declines to rule that the entire Act is unconstitutional based upon the invalidity of these offending provisions, but rules that each such provision is severable.

11. With respect to the claim that Section 440.09(7), F.S. (1989) (Section 6, Ch. 89-289, Laws of Florida), is unconstitutional, based upon the evidence presented and in light of the principle of judicial restraint requiring courts to avoid constitutional issues where a case can be decided on other grounds, the Court finds that Plaintiffs Bill Stanfill, Ralph Ortega and Alberty Darryl Davis lack standing to bring a constitutional challenge to the statute and all claims relating to the challenge of that statutory section are thus dismissed.

12. Since Chapter 90-201, Laws of Florida, is unconstitutional in its entirety, the cross-claim of the National Council on Compensation Insurance and Employers Insurance of Wausau is moot and is hereby dismissed.

13. All other challenges to individual provisions of Chapters 90-201 and 89-289, Law of Florida, as found in Plaintiffs' Second Amended Complaint, are hereby denied.

14. Plaintiffs' claims for injunctive relief are denied for the reasons set forth at the hearing conducted November 14, 1990, on Plaintiffs' Motion For Temporary Restraining Order.

It is therefore ORDERED and ADJUDGED:

1. That Representative Hurley Rudd and Senator W. D. Childers are dismissed as defendants in this action;

2. That Plaintiffs Mark Scanlan; Professional Firefighters of Florida, Inc.; International Brotherhood of Electrical Workers Local 606; Florida AFL-CIO; Communications Workers of America; and Plaintiff/Intervenor, Florida Police Benevolent Association have standing to bring this action;

3. That these Plaintiffs have met the burden of proof imposed upon them by law with regard to the matters upon which they prevailed;

174

4. That Section 43 of Chapter 89-289, Laws of Florida, and Chapter 90-201, Laws of Florida, in its entirety, are declared invalid, upon the reasoning set forth above;

5. That all other challenges to individual provisions of Chapter 90-201 and Chapter 89-289, Laws of Florida, are denied;

6. That Plaintiffs William Stanfill, Ralph Ortega and Albert Darryl Davis lack standing, and their claims are therefore dismissed;

7. That the cross-claim of the National Council on Compensation Insurance and Employers Insurance of Wausau is moot and is therefore dismissed; and

8. That Plaintiffs' claims for injunctive relief are denied.

9. The Court reserves jurisdiction on the issue of costs.

DONE and ORDERED in Chambers at Tallahassee, Leon County, Florida, this 5th day of December, 1990.