WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order by which claimant was *1100 awarded various benefits. We find that there is sufficient evidence to support the temporary partial disability and permanent partial wage loss awards, as well as the award of continuing psychiatric testing and treatment. However, we conclude that employer/carrier should not have been required to reimburse claimant’s attorney for payment of a medical bill for a prior psychiatric examination.
Claimant sustained an industrial injury to his back and was provided with emergency treatment and orthopedic care. He was treated conservatively and ultimately determined to have reached maximum medical improvement with a 5% permanent impairment rating. Although the treating orthopedic physician suggested that claimant might return to work without any physical restriction upon a “strictly orthopedic” basis, the doctor did indicate that it would be reasonable for claimant to avoid activities which cause pain.’
Claimant testified as to the difficulties and limitations which he experiences due to his back injury and the resulting pain. He conducted an extensive work search for employment which did not involve the heavy physical activity which produced further difficulties with his back. This work search was unsuccessful, and claimant noted that upon being advised of his back problems some of the prospective employers rejected him for this reason.
Employer/carrier contend that claimant should not be awarded temporary disability and permanent partial wage loss benefits, since he was released to return to work without any restrictions on an orthopedic basis. But a medical release without work restrictions does not preclude the benefits awarded. See Iverson v. Holy Cross Hospital, 498 So.2d 620 (Fla. 1st DCA 1986); see also, Stewart v. Resort Inns of America, 513 So.2d 1334 (Fla. 1st DCA 1987). Section 440.15(3)(b)l, Florida Statutes, expressly conditions wage loss benefits upon the existence of a permanent impairment, but does not require medical restrictions. A claimant’s burden of proof, under sections 440.15(3)(b)2 and 440.-15(4)(b), Florida Statutes, with regard to an inability to obtain employment due to physical limitation, may be satisfied by showing that a compensable physical limitation is a contributing causative factor in the claimed wage loss. See City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), pet. for rev. denied, 458 So.2d 271 (Fla.1984). As Rumph and numerous other cases indicate, an unsuccessful work search is a common evidentiary method by which a claimant’s burden of proof may be met. Rumph adheres to the position adopted in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), on reh. en banc, to the effect that a claimant’s burden may be satisfied by showing a change in employment status due to the injury, and an adequate and good faith attempt to secure employment. See Iverson v. Holy Cross Hospital, supra. The circumstances of the present case are sufficient to permit a determination that claimant met his statutory burden, as delineated in cases such as Rumph, Regency Inn, and Iverson, to establish entitlement to temporary partial disability and permanent partial wage loss benefits.
After being discharged by his orthopedic physician, claimant was sent by his attorney to a psychiatrist for an examination and evaluation. The psychiatrist concluded that claimant had a preexisting developmental personality disorder which was aggravated by the industrial injury in that the resulting pain impacts claimant’s ability to adapt and adjust in social settings and a work environment. The doctor recommended that claimant receive psychiatric care so that he might be able to cope with his situation and return to productive activity and “job involvement.” The judge awarded claimant additional psychiatric testing and treatment as recommended, and there is sufficient evidence to support this award. However, the judge also ordered employer/carrier to reimburse claimant’s attorney for his payment of the psychiatrist’s bill. Such reimbursement is improper, as claimant had not requested authorization for a psychiatrist and neither the nature of claimant’s injury nor the medical reports reflected any need for psy *1101 chiatric involvement. In these circumstances employer/carrier should not be required to make reimbursement for the pri- or examination. See Silver Springs Sportswear v. Marlin, 389 So.2d 702 (Fla. 1st DCA 1980); Cornelius & Sons Inc. v. McGrew, 387 So.2d 508 (Fla. 1st DCA 1980).
Insofar as the appealed order requires employer/carrier to reimburse claimant’s attorney for payment of the prior psychiatric bill, the order is reversed. The order is otherwise affirmed.
JOANOS and ALLEN, JJ., concur.