PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding wage-loss benefits and interest. Appellants assert: (1) there is no competent, substantial evidence supporting a wage-loss award; and (2) if claimant were entitled to wage loss, the judge of compensation claims erred in calculating the amount awarded.
We find the judge erred in awarding wage-loss benefits. Section 440.15(3)(b)2, Florida Statutes (1989),[1] provides in part:
Whenever a wage-loss benefit ... may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury. It shall also be the burden of the employee to show that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident is due to physical limitations *1357 related to his accident and not because of economic conditions or the unavailability of employment or his own misconduct.
Claimant has the burden of showing any wage loss claimed is the result of a compensable injury. § 440.15(3)(b)2, Fla.Stat. (1989); School Board of Manatee County v. Gambuzza, 510 So.2d 992 (Fla. 1st DCA 1987). In the instant case, there is no evidence that claimant suffered wage loss as a result of his compensable injury in each month for which benefits were awarded.
Claimant earned approximately $49,000 a year as the general manager of the Jacksonville Division of Standard Brands, a major television and appliance retailer in Florida. He suffered a compen-sable injury to his elbow on December 6, 1986, which resulted in a five-percent permanent partial impairment to the body as a whole. On July 3, 1987, he reached maximum medical improvement and was released to full-duty work without restrictions.
Claimant was demoted in early 1987. The record establishes that the decision was made in the summer of 1986, several months before the accident, and was unrelated to claimant’s injury.
After his demotion, claimant worked for Standard Brands as a retail salesman from late February until he was fired for insubordination in early March 1987. In the fall of 1987, he began working as a retail salesman for Bill Smith, Inc. and earned approximately $2,000 per month. He made claims for wage-loss benefits for the months of October 1987 through May 1988. Claimant testified that he lost “a number” of sales because the customers would demand refunds when he could not carry purchases to their cars.
In his order, the judge found that claimant’s injuries contributed to his loss of earnings as a salesman and awarded wage loss. The judge specifically found, however, that “[i]t was not shown that the accident or injuries or their sequelae have in any way contributed to claimant’s inability to obtain a new managerial position.” Despite this finding, the judge based wage loss on the difference between the amount claimant earned as general manager and the amount he earned as a salesman, rather than on evidence of disability-related wage loss in each month. The result was an award which included claimant’s wage loss resulting from his demotion. As this court held in Gambuzza, a claimant is not entitled to wage loss resulting from a demotion where the decision to demote was made prior, and is unrelated, to claimant’s accident.
The judge also erred in finding that the employer and carrier stipulated to the wage-loss benefits awarded based on the absence of an objection to the introduction of wage-loss forms. The employer and carrier do not contest claimant’s preinjury or postinjury wages on the wage-loss forms but rather contest the use of claimant’s preinjury earnings without taking into account the prospective decrease in earnings due to his demotion.
Accordingly, the order below is reversed and the cause remanded for determination of whether claimant has suffered wage loss due to his compensable accident.
SHIVERS, C.J., and BOOTH and WOLF, JJ., concur.

. The phrase "or his misconduct” was added to this section in 1989, after the accident here. We note the court has traditionally considered a claimant’s misconduct in determining whether a causal connection between injury and wage loss exists. School Board of Manatee County v. Gambuzza, 510 So.2d 992 (Fla. 1st DCA 1987).