ALLEN, Judge.
Claimant appeals a workers’ compensation order by which she was awarded wage loss benefits reduced by deemed earnings of $280 per week. We find that employer/carrier did not present an evidentiary predicate below which would support the application of deemed earnings in accordance with section 440.15(3)(b)2, Florida Statutes (Supp.1984), and we therefore conclude that claimant’s wage loss award should not be reduced by any deemed earnings during the period in question.
Claimant sustained an industrial injury when she slipped and fell to the floor while working as a waitress. She developed problems in her back and leg, and attempted to resume her waitressing duties upon being medically released for light duty work. But claimant found that she was unable to maintain this employment, as her back and leg problems are aggravated if she is on her feet for lengthy periods of time or if she engages in activities such as repetitive bending. Employer/carrier’s claims adjuster referred claimant to a vocational placement service, but this produced no employment prospects and claimant began looking for a job on her own. She was paid workers’ compensation benefits during this time, and eventually found employment at a medical laboratory. After an initial full-time training period in this endeavor, claimant continued to work at the medical laboratory for twenty to twenty-five hours per week. She testified that three other women also work at the lab, with two of them working “probably thirty, thirty-five” hours per week, and the other one working less. Claimant indicated that she has a flexible arrangement which allows her to work as few as ten hours some weeks, as her physical condition requires. She is paid a fixed salary of $810 per month regardless of the number of hours which she works.
We find that the judge below was entitled to conclude that claimant met her initial burden of proof for a wage loss award, as delineated in cases such as City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA), pet. for rev. den., 458 So.2d 271 (Fla.1984). While a part-time work effort may sometimes constitute a voluntary limitation of earnings, see e.g., Hillsborough County School Bd. v. Filter, 539 So.2d 1145 (Fla. 1st DCA 1989), once the claimant’s initial burden is satisfied it becomes incumbent upon the employer/carrier to establish the necessary elements for the application of deemed earnings, pursuant to section 440.15(3)(b)2, in connection with a voluntary limitation of income. See Iverson v. Holy Cross Hosp., 498 So.2d 620 (Fla. 1st DCA 1986); Tampa Elec. Co. v. Bradshaw, 477 So.2d 624 (Fla. 1st DCA 1985); see also, Rios v. Fred Teitelbaum Const., 522 So.2d 1015 (Fla. 1st DCA 1988). The employer/carrier’s burden in this regard requires affirmative proof as to the specific availability of more lucrative employment commensurate with the claimant’s skills and capabilities. See Rios; Bradshaw; Pompano Roofing Co., Inc. v. O’Neal, 410 So.2d 971 (Fla. 1st DCA 1982).
In the present case there was no evidence that other more lucrative employment was available for claimant. While two of her coworkers may have had additional hours of employment, there was no indication that claimant could be provided with additional hours. There was no evidence as to the coworkers’ rate of pay. And there was no indication that claimant’s fixed salary, which she received regardless of the number of hours worked, would be increased if her usual hours were extended. This case thus lacks the necessary eviden-tiary predicate for the application of deemed earnings. We therefore conclude *351 that claimant’s wage loss award during the period in question should not have been reduced by deemed earnings under section 440.15(3)(b)2.
The appealed order is reversed insofar as claimant’s wage loss award was diminished “based upon an ability to earn $280 per week....” The order is amended so as to delete this language and, as amended, the order is otherwise affirmed.
ERVIN and WOLF, JJ., concur.